Big Beaver Falls Area School District, Appellant
*v.* Big Beaver Falls Area Educational Association,
Appellee.

Argued March 12, 1985, before Judges MACPHAIL and BARRY and Senior Judge BARBIERI, sitting as a panel of three.

*J. Philip Colavincenzo,* for appellant.

*Daniel R. Delaney, Delaney and Evans,* for appellee.

OPINION BY JUDGE BARRY, May 6, 1985:

This appeal arises from an order of the Court of Common Pleas of Beaver County which dismissed the petition of the Big Beaver Falls School District (School District) for lack of jurisdiction.

On May 9, 1983, the School District filed a petition for review of an arbitrator's award entered on April 10, 1983. A copy of the petition was sent by *regular mail* to a representative of the Big Beaver Falls Area Education Association (Education Association). It filed an appearance and, by preliminary objections and motion to quash, contends that the School District failed to effect the proper manner of service within thirty days of receipt of the arbitrator's award, and that therefore the trial court had no jurisdiction.

The trial court determined that the proper method of service was by deputized service and not by regular mail. It concluded that since service was not properly performed on or before May 10, 1983, thirty days after the date of the arbitrator's award, then it had no jurisdiction. On July 11, 1983, the trial court, therefore, sustained the preliminary objections and dismissed the petition for review. In November, 1983,

following a hearing on the reconsideration petition,[1] the trial court readopted its July 11, 1983 order.

Section 7314(b) of the Uniform Arbitration Act (Act), 42 Pa. C. S. §7314(b) prescribes a thirty day limit to file a petition for review. Section 7317 of the Act addresses the form of service for this petition. It states:

> Except as otherwise prescribed by general rules, an application to the court under this subchapter shall be by petition and shall be heard in the manner and upon notice provided or prescribed by law for the making and hearing of petitions in civil matters. Unless the parties otherwise agree, notice of an initial application for an order of court shall be served in the manner provided or prescribed by law for the services of a writ of summons in a civil action.

42 Pa. C. S. §7317.

Rules 1009 and 1010 of the Pennsylvania Rules of Civil Procedure prescribe the manner of service of a writ of summons in a civil action.[2] Rule 1009 provides, as follows:

---

[1] The School District had filed a petition for reconsideration upon which no action was taken by the trial court. Thereafter, on August 9, 1983, the School District appealed to this Court. On October 14, 1983, the trial court granted an order nunc pro tunc allowing reconsideration of its July 11, 1983, order since it had inadvertently failed to rule on the reconsideration petition. Under Rule 1701 (b)(3) of the Rules of Appellate Procedure, the order nunc pro tunc permitting reconsideration of the trial court's initial order should not have been granted because the School District had appealed to this Court when the time period for reconsideration had elapsed.

[2] Initially, it should be noted that Rule 1007 of the Pennsylvania Rules of Civil Procedure provides for the manner by which an action may be commenced.

(a) The writ, or the complaint if the action is commenced by complaint or the complaint is used as alternative process as provided by Rule 1010(e), shall be served by the sheriff within thirty (30) days after issuance or filing. When the sheriff is a party to the action service shall be made by the coroner or other officer authorized by law to perform the duties of coroner. . . .

Rule 1010 provides, in pertinent part:

(a) The prothonotary, upon praecipe and upon presentation of the writ or the complaint, shall continue its validity by reissuing the writ, or reinstating the complaint, by writing thereon "reissued", in the case of a writ, or "reinstated", in the case of a complaint.

(b) A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint.

. . . .

(d) A reissued, reinstated or substituted writ or complaint shall be served by the sheriff within thirty (30) days after reissuance, reinstatement or substitution.

The School District argues that Rule 1010 of the Pennsylvania Rules of Civil Procedure permits reinstatement or reissuance of its petition for review and that, therefore, if its petition was reinstated or reissued, it could then comply with Rule 1009 of the Pennsylvania Rules of Civil Procedure regarding service of the petition by deputized sheriff.[3] We agree.

[3] The school district initially advances the argument that it had established a course of conduct with the Education Association involving the use of *regular mail* between the parties for notifica-

In *Lamp v. Hayman*, 469 Pa. 465, 366 A.2d 882 (1976), plaintiff was injured on September 1, 1967, and subsequently filed a praecipe for writ of summons to commence an action within the two year time period permitted by the statute of limitations. Plaintiff's attorney, however, instructed the prothonotary not to deliver the writ to the sheriff and consequently the writ was not served. On April 9, 1970, a praecipe for the reissuance of the writ as filed but again no service was effectuated. Then, on June 4, 1970, another praecipe for reissuance was filed and service was finally effectuated on June 19, 1970. The Supreme Court stated that it

> has repeatedly held that, pursuant to [Rule 1007], the mere filing of a praecipe to commence an action is sufficient to toll the running of the statute of limitations and that, although Pa. R.C.P. 1009(e) provides that a writ shall be served within thirty days after issuance or filing, it may, pursuant to Pa. R.C.P. 1010(a), be reissued at any time after the original issuance during a period equivalent to that permitted by the applicable statute of limitations for the commencement of the action; further, each valid reissuance gives rise to a new equivalent period during which the writ may again be reissued. (Citations omitted.)

*Id.* at 471, 366 A.2d at 885. It concluded that plaintiff had validly commenced her action and thus tolled the statute of limitations because she had filed a praecipe on August 28, 1969, and had effectuated service of a writ reissued well within two years of both

---

tion of pending applications, motions, briefs or petitions. We believe this argument is meritless but need not address it since we resolve this dispute based on the School District's second argument.

the date when she filed her original praecipe and the date when she had the writ reissued in April, 1970. *Lamp*, nevertheless, noted that there was a potential for abuse of the rule permitting a plaintiff to maintain an action without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in timely fashion without attempting to effectuate service. The Supreme Court stated that it sought to avoid a circumstance where a plaintiff brought an action but failed to make a good faith effort to notify a defendant and in so doing retained exclusive control over the action for a period beyond that permitted by the statute of limitations. It concluded, therefore, that ''a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.'' (Footnote omitted.) *Id.* at 478, 366 A.2d at 889. (*See also Bowman v. Mattei,* 309 Pa. Superior Ct. 486, 455 A.2d 714 (1983), where the filing of a praecipe for writ of summons was sufficient to toll the running of the statute of limitations and, although it was not served within thirty days thereafter, Rule 1010 of the Pennsylvania Rules of Civil Procedure permitted the writ to be reissued at any time within the new statutory period.)

Based on these cases, it is our position that the School District should be permitted to have its petition for review reissued in order for it to effectuate proper service in accordance with Rule 1009 of the Pennsylvania Rules of Civil Procedure. The Education Association suggests, however, that, under *Lamp,* for a reissuance to extend the applicable statute of limitations, the School District should have initially arranged for service and further that the School District's conduct prevented service upon the Education

Association thereby nullifying the commencement of the action. We disagree. The School District merely mistakenly used the improper mode of service and thus this case is not typical of the circumstance contemplated by *Lamp*. We, furthermore, detect no conduct wherein the School District sought to stall the legal machinery it set in motion by filing its petition for review.

.We, therefore, remand this case to the trial court. for a reissuance of the School District's Petition for review in accordance with the applicable rules of civil procedure and this opinion.

### ORDER

Now, May 6, 1985, the order of the Court of Common Pleas of Beaver County entered July 11, 1983 and November 28, 1983, at No. 598 of 1983, is reversed and remanded for consideration consistent with this opinion.

Jurisdiction relinquished.