575 A.2d 914

**Virginia LEIDICH, Appellant,**

**v.**

**David FRANKLIN and Irene Franklin, His Wife, Appellees.**

Superior Court of Pennsylvania.

Argued March 6, 1990.

Filed May 16, 1990.

Reargument Denied July 3, 1990.

Leslie D. Jacobson, Harrisburg, for appellant.

James G. Nealon, III, Harrisburg, for appellee.

Before WIEAND, TAMILIA and POPOVICH, JJ.

POPOVICH, Judge.

This case involves an appeal from the order of the Court of Common Pleas of Dauphin County granting the motion for judgment on the pleadings filed on behalf of the appellees/defendants, David and Irene Franklin, and dismissing with prejudice the complaint of the appellant/plaintiff, Virginia Leidich. We reverse.

"Like all summary judgments entered without a trial judgment on the pleadings may be entered only in clear

cases free from doubt where there are no issues of fact, and only where the cause is so clear that a trial would clearly be a fruitless exercise.... The party moving for the judgment on the pleadings admits for the purpose of his motion the truth of all the allegations of his adversary and the untruth of any of his allegations which may have been denied by his adversary." Goodrich–Amram 2d, § 1034(b)(1).

*Beck v. Minestrella*, 264 Pa.Super. 609, 611, 401 A.2d 762, 763 (1979).

The defendants were the moving parties. They pleaded the bar of the statute of limitations in new matter to which the plaintiff in answer denied its applicability and set forth the factual basis for her contention. Hence, we read the pleadings as follows:

As a result of a collision between the plaintiff's and defendants' automobiles in Dauphin County on April 4, 1986, the plaintiff suffered personal injuries. On January 4, 1988, the plaintiff filed a praecipe for the issuance of a writ of summons with the prothonotary of Dauphin County. Payment for the issuance of the writ was made, but on the back of the writ was written: "writ to atty. 1/4/87 [1] RB". Next in the record is a certificate of service, prepared by an employee for the plaintiff's attorney, indicating that a copy of the writ was served upon the defendants by first class mail dated January 5, 1988.[2] This was not disputed by the defendants. See Defendant's Answer With New Matter, Paragraph 23; Defendants' Motion For Judgment On The Pleadings, Paragraph 2; Defendants' Brief In Support Of Motion For Judgment On The Pleadings, page 1.

Also, on January 5, 1988, the defendants were served with a notice to appear for deposition on February 2, 1988. Counsel for the defendants, on or about March 3, 1988,

1. The opinion of the court below at footnote 1 indicates that the January 4, 1987, date "was an error and was intended to mean 1988."

2. The original writ was served on the agent of the company insuring the defendants on the same date, and this was done in agreement with the agent and the plaintiff's counsel. See Plaintiff's Answer To New Matter With Additional New Matter, Paragraph 31.

objected to the deposition "referencing the Writ of Summons, at which point it was agreed to postpone said deposition indefinitely." Plaintiff's Answer To New Matter With Additional New Matter, Paragraph 34.

Nonetheless, from March 15 through April 4, 1988, documentation (which included the plaintiff's medical bills) was submitted to the defendants' insurer "with regard to possible settlement of the claim on a 'policy limits' basis." *Id.* at Paragraphs 36–38.

It was not until after April 4, 1988, that the plaintiff learned that settlement would not occur. Rather, the case was being contested "on technical grounds involving alleged deficiencies in the service of the Writ of Summons." *Id.* at Paragraph 39.

After the passage of the two-year period of limitations, the plaintiff filed a praecipe on May 17, 1988, seeking the reissuance of the writ. This occurred and the sheriff served the writ on the defendants the same date. The plaintiff, with the issuance of a rule to do so, filed a complaint. This was followed by the defendants filing an answer with new matter alleging, in Paragraphs 28 and 29, that the plaintiff's claim was barred by the statute of limitations and the principles enunciated in *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976).

In the pleadings that followed, the plaintiff denied that her claim was foreclosed by *Lamp*, supra, that she acted in "good faith" in pursuing the lawsuit and she "ha[d] done nothing to stall or delay th[e] action." In the end, the court below granted the defendants' motion for judgment on the pleadings. It found that the plaintiff's action (of seeking the issuance of the initial writ and serving it by mail to the defendants) was contrary to the Rules of Civil Procedure (*e.g.*, Rule 400), local practice [3] and established case law, *i.e.*,

3. In Dauphin County, it has been the practice for the prothonotary's office to prepare the writ, upon receiving the appropriate praecipe, and then for the prothonotary's clerk to deliver the writ to the sheriff for service. No act is required of the plaintiff to get the writ to the sheriff, and the Dauphin County sheriff imposes no requirement that its service costs be prepaid. Rather, the sheriff files his return, with

*Lamp,* supra. Thereafter, the plaintiff filed an appeal to this Court.

The plaintiff raises for our consideration but a single issue of whether the court below erred in granting the defendants' motion for judgment on the pleadings. This one issue, however, is subdivided into seven subsections in the argument section of her appellate brief, six of which distill to the query: Did the plaintiff comply with the "good faith" effort required by *Lamp,* supra, in effectuating service of the writ of summons upon the defendants by mail, so as to toll the statute of limitations and render her lawsuit viable? Our response to this inquiry will resolve the matter posed for our review, and, as such, dispenses with the need to address the last of the plaintiff's contentions concerning the claim that defendants' counsel violated American Bar Association Canons of Professional Ethics by "wait[ing] to file a motion on the grounds of improper service until the statute [of limitations had expired.]"

All parties concerned, including the court below, look to the *Lamp* decision to buttress their respective positions. As such, we will examine *Lamp* and determine whose version is an accurate interpretation of its objective and purpose.

In *Lamp,* four days before the expiration of the two-year statute of limitations, the plaintiff's attorney filed a praecipe for a writ of summons against the defendants for injuries sustained in an automobile accident. However, instead of delivering the writ to the sheriff for service, the plaintiff instructed the prothonotary to "issue & hold". A praecipe for the reissuance of the writ was filed together with a complaint thirty-one months after the date of the accident. Again no service was made, and this time no reason appeared of record. Within two months of the reissuance of the writ, another praecipe for reissuance was filed, and service was effectuated on June 19, 1970.

an indication of his costs, and the costs are then docketed to the case or billed to the attorney. See Lower Court Opinion at page 4.

The defendants filed preliminary objections asserting that the original summons was a "nullity" because of the plaintiff's "issue & hold" instructions to the prothonotary, and, therefore, the action was not brought within the two-year period provided by the statute of limitations.

The trial court sustained the preliminary objections and entered judgment for the defendants. On appeal, the Supreme Court observed that, under Pa.R.Civ.P. 1007, the mere filing of a praecipe to commence an action was sufficient to toll the running of the statue of limitations, and that, pursuant to then Rule 1010(a) (now found at Rule 401(b)(5)), the writ could be reissued at any time after the original issuance during a period equivalent to that permitted by the applicable statute of limitations for the commencement of the action. Further, each valid reissuance gave rise to a new equivalent period during which the writ might again be reissued.

The Court observed that the plaintiff validly commenced her action so as to toll the statute of limitations. Thus, when the writ was reissued, the plaintiff's action was not barred by the statute of limitations. The case did not come to an end at this point. The Court went on to decide whether the "issue & hold" instructions of the plaintiff's attorney rendered ineffectual the original filing. The Court began by reading Rule 1007 allowing no exceptions in providing that an action is "commenced" with the filing of a praecipe, irrespective of whether the prothonotary issues the writ or the sheriff serves it. Stated otherwise, the mere filing of a praecipe, even if a plaintiff deliberately delayed service, was held sufficient to toll the statute of limitations, as stated by the Court in prior rulings. Therefore, the Court held the plaintiff was entitled to rely on these past rulings, and, consequently, the order of the court below holding to the contrary was reversed.

Cognizant of the possible deleterious repercussions flowing from a continuation of such a practice, the *Lamp* Court altered, for prospective purposes only, such a practice. It did so in the following fashion; to-wit:

... there is too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service.

\* \* \* \* \* \*

Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.

Accordingly, ... we rule henceforth, [that] ... a writ of summons shall remain effective to commence an action only if the plaintiff refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion. Since the manner in which writs of summons are to be prepared and delivered to the sheriff for service is not covered by our rules ... a plaintiff should comply with local practice as to delivery of the writ to the sheriff for service. If under local practice it is the prothonotary who both prepares the writ and delivers it to the sheriff, the plaintiff shall have done all that is required of him when he files the praecipe for the writ; the commencement of the action shall not be affected by the failure of the writ to reach the sheriff's office where the plaintiff is not responsible for that failure. Otherwise, the plaintiff shall be responsible for prompt delivery of the writ to the sheriff for service.

469 Pa. at 477–79, 366 A.2d at 888–889 (Footnote omitted; Citation omitted).

In applying *Lamp,* the Commonwealth Court has ruled that filing a petition to review an arbitrator's award and sending a copy to the opposition by *regular mail,* albeit not in compliance with Rule 1009's [4] *service by the sheriff,* did not justify the lower court's dismissal of the plaintiff's petition for review. See *Big Beaver Falls Area School*

4. Now found at Pa.R.Civ.P. 400(a).

*District v. Big Beaver Falls Area Educational Association,* 89 Pa.Cmwlth. 176, 492 A.2d 87 (1985). In reversing, the Commonwealth Court held that:

> ... it is our position that the [plaintiff] should be permitted to have its petition for review reissued in order for it to effectuate proper service in accordance with Rule 1009 of the Pennsylvania Rules of Civil Procedure. The [defendant] suggests, however, that, under *Lamp,* for a reissuance to extend the applicable statute of limitations, the [plaintiff] should have initially arranged for service [by the sheriff] and further that the [plaintiff's] conduct prevented service upon the [defendant] thereby nullifying the commencement of the action. We disagree. The [plaintiff] merely mistakenly used the improper mode of service and thus this case is not typical of the circumstance contemplated by *Lamp.* We, furthermore, detect no conduct wherein the [plaintiff] sought to stall the legal machinery it set in motion by filing its petition for review.

89 Pa.Cmwlth. at 181–82, 492 A.2d at 90.

In a similar vein, this Court upheld a motion for summary judgment where the appellants had not made any effort, be it "good faith" or otherwise, to notify the defendant a suit had been instituted against him. *See Feher by Feher v. Altman,* 357 Pa.Super. 50, 515 A.2d 317 (1986). In making our decision, we made some remarks that are instructive; viz.:

> When a praecipe is filed but the writ is not served, the burden is on the plaintiff to show that he made a good faith attempt to have the writ served. In this case plaintiffs'-appellants' counsel had the burden of proving that he took some affirmative action calculated to provide notice of the suit to the defendant, yet he did not present the court with *any* evidence that he had made the requisite good faith effort. The record reflects ... the [various pleadings and briefs supportive of the respective positions of the parties].... None of these documents contain [sic] any indication that counsel made an effort to effect service of the original writ....

Thus, although appellants' counsel did not actively attempt to thwart service of the writ, he also did not take any affirmative action to see that the writ was served and to put the defendant on notice that an action had been filed against him.

*   *   *   *   *   *

In fact, appellants' counsel conceded at oral argument that the reason for not taking steps to have the original writ served was to avoid the additional expense incurred by having the writ served and then at a later time having the complaint served. His argument is without merit. . . .

357 Pa.Super. at 55–56, 515 A.2d at 320 (Emphasis in original).

Lastly, we garner some guidance as to the course we should pursue from the Supreme Court's ruling in *Farinacci v. Beaver County Industrial Development Auth.*, 510 Pa. 589, 511 A.2d 757 (1986), wherein the Court was reviewing the application of *Lamp,* supra, to a matter where the plaintiff's counsel's inadvertence prevented the service of a writ within thirty days of its issuance.

It appears that the plaintiff's attorney filed a praecipe for the issuance of a writ with the prothonotary of Beaver County on the last day to commence an action for personal injuries. The plaintiff's counsel paid for the issuance of the writ and it was issued the next day. The plaintiff's attorney had intended to instruct and pay the sheriff for service immediately. However, he misplaced the file. The file was found within eight or nine days but the plaintiff's attorney forgot to take the necessary steps to effectuate service of the writ. It was reissued and the sheriff paid some four weeks after the file was found, and service was made within the next two weeks.

Although the Supreme Court affirmed the lower court's grant of the defendants' preliminary objections and dismissal of the plaintiff's cause of action, it observed, in dictum, that the: "eight or nine days of delay ... was attributable to counsel's simply misplacing the file ... is not necessarily

inconsistent with a finding of good faith." 510 Pa. at 594–95, 511 A.2d at 759–760. However, the four-week delay being assignable to the plaintiff's faulty memory was held not to be an "explanation for counsel's inadvertence which could substantiate a finding that plaintiff[ ] made a good faith effort to effectuate service of the writ." *Id.*

It is interesting to note that Justice ZAPPALA, writing for the dissent consisting of LARSEN and McDERMOTT, JJ., would have reversed because there was no finding by the lower court that the plaintiff:

> ... intended to stall the legal proceedings, and resulted in prejudice to the Appellees. On the contrary, the record reviewed by the trial court does indicate that the Appellees were made aware of the Appellant's claim within one year prior to the commencement of these legal proceedings. Therefore, this is not a case in which a potential party has no notice of a pending claim until the filing of a writ for the purpose of tolling the statute of limitations. The trial court opinion is also noticeably void of any finding of prejudice suffered by any of the Appellees.

510 Pa. at 596, 511 A.2d at 760.

■ What is to be gleaned from *Lamp* and its progeny is that: (1) one's "good faith" effort to notify a defendant of the institution of a lawsuit is to be assessed on a case-by-case basis; and (2) the thrust of all inquiry is one of whether a plaintiff engaged in a "course of conduct" forestalling the legal machinery put in motion by his/her filings. See *Lamp*, supra; *Jacob v. New Kensington Y.M. C.A.*, 312 Pa.Super. 533, 459 A.2d 350 (1983). Further, we do not read *Lamp*, and the cases interpreting and applying it, to espouse a mechanical approach to the "good faith" effort rule such that it allows for no exceptions in the face of an explanation and/or conduct which evidences an unintended deviation from the "notice" requirement. See *e.g.*, *Feher*, supra; *Big Beaver Falls Area School District*, supra; *Jacob*, supra.

■ At bar, the plaintiff's counsel admits that with the issuance of the writ he took possession of it, instead of allowing the normal course of events under local practice (the prothonotary delivering the writ to the sheriff for service) to take its course, and had delivery to the defendants effectuated by first class mail, the receipt of which the defendants have not disputed. Counsel offers that the course taken was premised upon his "mistaken" belief that, pursuant to Pa.R.Civ.P. 402(b) [5] and with the consent of the defendants' insurance carrier, service of the writ could be accomplished through regular mail. (See Appellant's Brief at 11) Also, the plaintiff's counsel points to the notification of deposing the defendants and the forwarding of medical records to the defendants' insurer as his continuing belief that objection to the form of notice of instituting the lawsuit was not at issue. In fact, he first learned of the objections from the defendants' counsel only after the statute of limitations had expired. With this turn of events, the plaintiff's counsel obtained reissuance of the writ and had it served by the sheriff.

We find that what was written in a similar context is applicable here; to-wit:

> We, of course, agree that the rules relating to service of process are important, notice being a constitutional touchstone for the power of the courts to act. However, we do not agree that every aspect of service is equally critical, so that any defect in process is necessarily mortal. Compare, e.g., *Peterson v. Philadelphia Suburban Transp. Co.*, 435 Pa. 232, 255 A.2d 577 (1969). In the instant praecipe, the immediate consequence of which was the issuance of a technically defective writ. Had plaintiffs complied with Rule 1010 [rescinded effective January 1, 1986; current version at Pa.R.Civ.P. 401(b) ] the instant controversy would not have arisen. On the other hand, if we sustain defendants' objections to service, plaintiffs

---

5. Rule 402(b) reads in relevant part:
   In lieu of service under this rule, the defendant or his authorized agent may accept service of original process by filing a separate document. . . .

will be out of court on their trespass action because the two-year statute of limitations and *Zarlinsky v. Laudenslager*, [402 Pa. 290, 167 A.2d 317 (1961)], will operate as a bar. In our view, on the facts of the instant case, we cannot permit this to occur. Rule 126 of the Pennsylvania Rules of Civil Procedure requires that we abjure such a rigid application of procedural rules by providing:

> "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

We find it impossible to conclude that the defect in service in the instant case affected any substantial rights of the defendants. Although plaintiffs are culpable for the mistake which occurred, it would be unjust to sanction the result which sustaining defendants' preliminary objections would entail.

*Hoeke v. Mercy Hospital of Pittsburgh*, 254 Pa.Super. 520, 531–32, 386 A.2d 71, 77 (1978) (Footnote omitted).

As in *Hoeke*, we find that the defect in service has not affected any substantial rights of the defendants, nor is there any allegation that the defendants were prejudiced by the manner in which they received notice of the lawsuit. See Justice ZAPPALA's Dissenting Opinion in *Farinacci*, supra. More importantly, consistent with *Lamp's* teachings, we cannot in good conscience equate the plaintiff's attorney's actions with a "course of conduct which serve[d] to stall" the machinery of justice. For example, once the writ was mailed to the defendants, communication with and the submission of documents to their liability carrier began. Even the initial stages of discovery (notice of deposing the defendants) were underway before being discontinued at the behest of the defendants' counsel.

Thus, we do not view the plaintiff's actions as a "course of conduct" to be condemned under the guise of *Lamp* (an "issue & hold" case). Yet, we caution that, in reversing the

order of the court below, we in no way wish to signal to the bench and bar our approval of a circumvention of the Pennsylvania Rules of Civil Procedure and local practice. We are merely holding that, under the particular facts here, *Lamp's* "good faith" effort to notify the defendants was established in tandem with the absence of a "course of conduct" attributable to the plaintiff evidencing a stalling of the machinery of justice.

Order reversed.

TAMILIA, J., files a dissenting opinion.

TAMILIA, Judge, dissenting.

I respectfully dissent to the holding of the majority reversing the trial court in this matter as I believe it extends *Farinacci v. Beaver County Industrial Development Authority*, 510 Pa. 589, 511 A.2d 757 (1986), beyond its holdings and ignores the intent of *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976).

In this case, appellant instituted an action in trespass by filing a writ of summons in the prothonotary's office on January 4, 1988. On the same day, counsel for appellant sent a handwritten note to appellees, by regular mail, enclosing a copy of the Writ of Summons. The writ was subsequently reissued pursuant to Pa.R.C.P. 401(b)(2), on May 17, 1988, and personally served by the sheriff of Dauphin County. However, the two-year statute of limitations had run on April 4, 1988.

The appellant acknowledged that service by regular mail is not permitted either under the Pennsylvania Rules of Civil Procedure or under local rules (except for special circumstances which do not apply here). Construing *Lamp* and *Farinacci* in relation to the facts of this case, I believe we are bound by the trial court's finding. As correctly stated by the majority, *Lamp* was promulgated to curb an abuse widely prevalent whereby a praecipe would be filed with the prothonotary, to toll the running of the statute of limitations, but the plaintiff would direct the sheriff to not

serve the writ. *Lamp* held that a plaintiff must refrain "from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.*, 469 Pa. at 478, 366 A.2d at 889. Subsequent cases have held the plaintiff has the burden of establishing a good faith effort to effect service to avoid dismissal under *Lamp*. *Feher v. Altman*, 357 Pa.Super. 50, 515 A.2d 317 (1986); *Weiss v. Equibank*, 313 Pa.Super. 446, 460 A.2d 271 (1983).

In further clarification of *Lamp*, *Farinacci* held that the trial court must evaluate each case on its facts, measured against compliance with Supreme Court and local rules to ascertain whether a good faith effort had been made to effectuate service. *Lamp* held the plaintiff could not obstruct service by directing the sheriff to hold service indefinitely. Here, in the absence of either statewide or local rules, appellant, whether inadvertently or not, obstructed proper service by failing to deliver the writ for service to the sheriff. Had he done so, service would have been made routinely in accordance with the local custom or rule. By retaining the summons and mailing a copy, appellant failed to make proper service and interfered with the process, a practice prohibited by *Lamp*.

The holding of the majority provides cart blanche right in every plaintiff to select a manner of service, outside that required by the rules, and creates more confusion and uncertainty than that cured by *Lamp*. *Farinacci* addressed only the issue of when a good faith effort to effect service *within the rules* was attempted. It did not consider nor does it approve attempted service outside the rules.

The majority spelled out in detail the contacts between the parties preliminarily, which showed some attempt at notice by reference. This is inadequate to meet the test of *Lamp* or *Farinacci* as negotiations may continue for considerable periods of time, and in and of themselves, are not evidence as to notice of commencement of an action for purpose of tolling the statute of limitations.

I believe case law instructs us that, in the absence of a gross abuse of discretion, we are bound by the trial court's

findings of fact in an issue such as the one presented here. I would, therefore, affirm on the basis of the Opinion of Honorable Herbert A. Schaffner.