**Drew W. YOUNG and Teresa Brady–Young, h/w, Appellants**

v.

**PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, Engineering District 5–0 and Allen Township and David I. Verner.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1997.
Decided March 13, 1997.

Bryan C. Schroll, Bala Cynwyd, for appellants.

G. Christopher Parrish, Bethlehem, for appellee, David Verner.

Before McGINLEY and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Drew W. Young and Teresa Brady–Young (Appellants) appeal an order of the Northampton County Court of Common Pleas granting a motion for summary judgment filed by Appellee David I. Verner. We reverse and remand to the trial court.

Factually, this case arises from a May 9, 1992 car accident in which Appellant Drew Young sustained personal injuries. A detailed account of the procedural history of the ensuing lawsuit is necessary for a proper analysis of the legal issue before us.

On April 29, 1994, Appellants instituted suit by filing a praecipe for writ of summons against the driver of the vehicle, Appellee Verner, the Department of Transportation, and Allen Township. Along with the praecipe, Appellants' counsel forwarded to the prothonotary's office the filing fee for the writ, as well as the Northampton County Sheriff's fee and the Lehigh County Sheriff's fee. In an Order for Service Request form, received by the Northampton County Sheriff's Office on May 2, 1994, counsel requested service upon Verner at the address indicated on the police accident report, asking that the Sheriff deputize the Lehigh County Sheriff to serve the writ. A May 4, 1994 attempt to serve Verner was unsuccessful as the Lehigh County Sheriff reported that there was "no such address."

On May 27, 1994, Appellants reinstated the writ, and on June 2, 1994, requested the Sheriff to make service upon Verner at another address, obtained through the Department of Transportation. The Lehigh County Sheriff reported that service could not be made because he was told that Verner had moved. Appellant Drew Young, who was personally acquainted with Verner, knew that this was Verner's correct address, and Appellants' counsel attempted to serve the writ and complaint via certified mail.[1] Counsel received the return receipt card signed by Verner's wife indicating delivery on June 24, 1994.

On July 21, 1994, counsel entered an appearance on behalf of Verner. By letter dated July 25, 1994, Appellants' counsel asked Verner's counsel to accept service on Verner's behalf, and provided an acceptance of service form, in accordance with Pa. R.C.P. No. 402(b). Verner's counsel did not respond to or even acknowledge the request.

On August 18, 1994, Verner filed preliminary objections to the Appellants' complaint, on the grounds of lack of personal jurisdiction. Appellants reinstated the complaint and, on September 29, 1994, personally

---

1. Appellants filed a complaint on June 6, 1994 in response to a rule filed by the Department of Transportation.

served Verner at a third address. Subsequently, on October 19, 1994, Verner filed an answer with new matter asserting that Appellants' claims were barred by the applicable statute of limitations. Verner later filed a motion for summary judgment, arguing that there were no outstanding issues of material fact and that he was entitled to judgment as a matter of law due to Appellants' failure to make a good faith effort to obtain service upon Verner before the expiration of the statute of limitations.

On January 5, 1996, the trial court issued an order granting the motion for summary judgment. The court concluded that although Appellants' initial two attempts at service did exhibit good faith efforts to effectuate service as required by the Supreme Court's decision in *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976), the subsequent attempt at service by mail, which is not permitted by the Rules of Civil Procedure, did not exhibit good faith. Accordingly, the court granted summary judgment because the action had not been preserved and so service of the complaint after the statute of limitations had expired was ineffective. Appellants' appeal of this order is now before our Court for review.[2]

■ The sole issue before us is whether Appellants made a good faith effort to effectuate service upon Verner, satisfying the requirements of *Lamp v. Heyman* and its progeny. The scope of our review of an order granting summary judgment is limited to a determination of whether the trial court committed an error of law or clearly abused its discretion. *Bigansky v. Thomas Jefferson University Hospital,* 442 Pa. Superior Ct. 69, 658 A.2d 423, *petition for allowance of appeal denied,* 542 Pa. 655, 668 A.2d 1119 (1995).

■ Under Pa. R.C.P. No. 1007, an action may be commenced by the filing of a praecipe for a writ of summons, and such filing may operate to toll the statute of limitations. *Lamp.* Moreover, pursuant to Pa. R.C.P. No.

401(b) and *Lamp,* this writ may be reissued at any time within an additional time period equal to the applicable statute of limitations. In the case at bar, Appellants reinstated their complaint[3] on September 12, 1994, and served it within thirty days, as required by Pa. R.C.P. No. 401(a), on September 21, 1994. This service was valid. *Bigansky;* Pa. R.C.P. No. 401(b). Our inquiry, however, does not end here.

The Supreme Court in *Lamp* limited the rule that a reissued writ could be used to toll the statute of limitations as follows:

> Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations ... [A] writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.

*Lamp,* 469 Pa. at 478, 366 A.2d at 889 (footnote omitted). As explained further by the Superior Court, under *Lamp* "a plaintiff's failure to make a good faith effort to notify the defendant will serve to nullify both the commencement of the action and the tolling of the statue of limitations." *Ferrara v. Hoover,* 431 Pa. Superior Ct. 407, 410, 636 A.2d 1151, 1152 (1994). Accordingly, we must determine if Appellants acted in good faith in their attempts to notify Verner of the suit and refrained from a course of conduct serving to stall the legal machinery.

■ From the legion of cases following and interpreting *Lamp,* we are able to glean some guidance as to when a plaintiff's efforts to notify a defendant of the commencement of a lawsuit demonstrate sufficient good faith. We note that when a praecipe is filed but the writ is not served, the burden is on the plaintiff to show that he made a good faith attempt to effectuate service. *Feher by Feher v. Altman,* 357 Pa. Superior Ct. 50, 515

---

**2.** On January 26, 1996, the trial court issued an order amending the January 5, 1996 order to include a determination that an immediate appeal would facilitate resolution of the entire case. *See* Pa. R.A.P. 341(c)(1).

**3.** *See* Pa. R.C.P. No.401(b)(4) and (5) and the note thereto.

A.2d 317 (1986), *petition for allowance of appeal denied*, 515 Pa. 622, 531 A.2d 430 (1987); *Williams v. Southeastern Pennsylvania Transportation Authority*, 137 Pa. Cmwlth. 163, 585 A.2d 583 (1991).

A good faith effort to notify a defendant of the institution of a suit is to be assessed on a case-by-case basis, *Leidich v. Franklin*, 394 Pa. Superior Ct. 302, 575 A.2d 914, *petition for allowance of appeal denied*, 526 Pa. 636, 584 A.2d 319 (1990), and there is no mechanical rule to be applied. *Rosenberg v. Nicholson*, 408 Pa. Superior Ct. 502, 597 A.2d 145 (1991), *petition for allowance of appeal denied*, 530 Pa. 633, 606 A.2d 903 (1992). "[I]t is not necessary that plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of *Lamp* will apply." *Ferrara*, 431 Pa. Superior Ct. at 410, 636 A.2d at 1152; *Nagy v. Upper Yoder Township*, 652 A.2d 428 (Pa.Cmwlth. 1994). Simple neglect or mistake in failing to fulfill the responsibility that the requirements for service are met may be sufficient to violate the good faith standard. *Rosenberg*. At a minimum, the good faith requirement mandates compliance with the Rules of Civil Procedure and local practice. *Cahill v. Schults*, 434 Pa. Superior Ct. 332, 643 A.2d 121 (1994).

Although neglect and inadvertence will not excuse a failure to effectuate service, plaintiffs have been found to have exercised good faith when the defendant has received notice of a suit, even if through defective service. In *Leidich v. Franklin*, for example, upon which Appellants rely in the instant appeal, the plaintiff filed a praecipe for writ of summons, and served a copy of the writ upon the defendant by first class mail, along with a deposition notice. The deposition was later postponed, but the parties exchanged documentation in the hopes of reaching a settlement. On April 4, 1988, the day on which the statute of limitations would expire, the plaintiff learned that there would be no settlement. On May 17, 1988, the plaintiff had the writ reissued, and it was served the same day upon the defendants. The trial court eventually granted defendants' motion for judgment on the pleadings, finding that the plaintiff's service of the original writ was contrary to the Rules of Civil Procedure, local practice, and *Lamp*.

On appeal, the Superior Court reversed the judgment, concluding that service by mail did not affect any substantial rights of the defendants, and that they were not prejudiced by the manner in which they received notice of the law suit. The Court wrote, "[m]ore importantly, consistent with *Lamp's* teachings, we cannot in good conscience equate the plaintiff's attorney's actions with a 'course of conduct which serve[d] to stall' the machinery of justice." 394 Pa. Superior Ct. at 307, 575 A.2d at 919.

This Court has also addressed the issue of service by mail in the context of *Lamp*. In *Big Beaver Falls Area School District v. Big Beaver Falls Area Educational Association*, 89 Pa.Cmwlth. 176, 492 A.2d 87 (1985), followed by the Superior Court in *Leidich*, we reversed a trial court order dismissing an arbitration appeal for lack of jurisdiction. The School District filed a petition for review of an arbitration award and served the Education Association by regular mail. The trial court concluded that because the proper method of service was by sheriff, service was not properly performed within thirty days of the award, as required by statute.[4] We reversed this decision and concluded that the School District should be permitted to have its petition for review reissued in order for it to effectuate proper service. In so concluding, we recognized:

> The School District merely mistakenly used the improper mode of service and thus this case is not typical of the circumstance contemplated by *Lamp*. We, furthermore, detect no conduct wherein the School District sought to stall the legal machinery it set in motion by filing its petition for review.

89 Pa.Cmwlth. at 182, 492 A.2d at 90.

Recently, in *Fulco v. Shaffer*, —— Pa. Superior Ct. ——, 686 A.2d 1330 (1996), the

---

4. Section 7314(b) of the Uniform Arbitration Act, 42 Pa.C.S. § 7314(b), prescribes a thirty day limit to file a petition for review. Section 7317, 42 Pa.C.S. § 7317, addresses the form of service of the petition, specifying that service shall be in the manner provided or prescribed for the service of a writ of summons in a civil action.

Superior Court reversed the dismissal of a suit where the plaintiff filed a complaint one week before the expiration of the statute of limitations, and then mailed copies to the various defendants approximately three weeks later. The plaintiff simultaneously tried to obtain service by the sheriffs of the counties where the defendants resided, but did not comply with the rules regarding deputized service. After analyzing *Lamp* and *Leidich*, the Court noted that the plaintiff's "repeated, albeit mistaken," attempts to obtain sheriff's service "actually bespeaks of some diligence rather than a course of conduct intended to forestall." *Id.*, at ——, 686 A.2d at 1334. The Court concluded:

> All in all, we find that [plaintiff's] conduct did not amount to a course of conduct designed to forestall this case. Most importantly, because of the mailed Complaints [defendants] were aware actually, if not formally, that a lawsuit had been commenced and was proceeding against them.

*Id.*

In so holding, the *Fulco* Court distinguished *Cahill v. Schults*, upon which the trial court in the case at bar relied in concluding that Appellants had not acted in good faith. In *Cahill*, the Superior Court found that the plaintiff had not complied with *Lamp* because he did not effectuate service of his complaint within thirty days of filing, due to counsel's failure to advance the proper fee to the sheriff. The plaintiff, however, also mailed a copy to the defendant's insurance carrier, which the Court noted was improper under the rules. In *Fulco*, the Court explained that the plaintiff in *Cahill* had not demonstrated good faith because the complaint was mailed only to the insurer, so the defendant did not receive notice of the suit.

The trial court in the case at bar agreed that Appellants' first two attempts to serve Verner—first at the address on the police accident report and then at an address obtained from the Department of Transportation—did exhibit their good faith. It was the subsequent mailing of the writ to Verner which the court determined violated the Rules of Civil Procedure and was fatal to the

survival of Appellants' claim. We do not agree.

■ Although Pa. R.C.P. No. 400(a) provides that original process shall be served by sheriff, it does not prohibit the mailing of a writ or complaint to notify a defendant of the commencement of a suit against it. The *Lamp* Court held that a plaintiff must make a good faith effort to notify a defendant of a suit, and the mailing of a writ or complaint certainly accomplishes that goal. In this case, Appellants did not violate the rules by mailing the complaint.[5] Moreover, Appellants' subsequent attempt to have Verner's attorney accept service on his behalf, an acceptable method of effectuating original process under Pa. R.C.P. No. 402(b), demonstrates that they realized that service was not complete with the mailing of the complaint, and that they must obtain proper service. We cannot say that this in any way stalled the legal machinery.

Verner argues that *Leidich* can be distinguished because here Appellants mailed the complaint after the expiration of the statute of limitations. In the *Fulco* decision, however, the Superior Court made no distinction between service by mail before and after the statute has run. In fact, the complaint in *Fulco* was mailed after the statute of limitations, and unlike the case at bar, there had been *no* attempt to have the complaint served before. The focus of the *Fulco* Court's analysis was whether the defendants had received notice of the proceeding against them. The attempt at service by mail in *Leidich* and *Fulco* was seen as evidence of the plaintiffs' good faith efforts, not as a lazy attempt to circumvent the Rules of Civil Procedure.

In the case now before us, Appellants did attempt service before the expiration of the statute of limitations. When that attempt was unsuccessful, they reinstated the writ and tried again. Appellants then mailed the complaint to notify Verner of the suit and attempted to have Verner's counsel accept service. We are satisfied that Appellants' continued efforts "actually bespeaks of some

---

**5.** There is also no indication that Appellants failed to follow local rules in their commence-

ment of the suit or in their attempts to serve Verner via deputized service.

diligence rather than a course of conduct intended to forestall." *Fulco.*

We, therefore, conclude that the trial court erred in finding that Appellants did not establish their good faith efforts to obtain service upon Verner. Accordingly, the order granting the motion for summary judgment is reversed, and the matter remanded to the trial court for further proceedings.

FRIEDMAN, J., concurs in the result only.

## ORDER

AND NOW, this 13th day of March, 1997, the order of the Court of.Common Pleas of Northampton County dated January 5, 1996, is hereby reversed, and the case is remanded for further proceedings.

Jurisdiction relinquished.