## McNaughton v. Amsden

C.P. of Dauphin County, no. 934 S 1999.

*Bryan S. Walk,* for plaintiff.
*Barry A. Kronthal,* for defendant.

KLEINFELTER, *P.J.,* April 24, 2000—Before the court are the preliminary objections of defendant Larissa D. Amsden to plaintiff Ernest McNaughton's amended complaint alleging negligence and battery. Also for disposition is McNaughton's preliminary objection to Amsden's preliminary objections.

On March 2, 1997, McNaughton sustained injuries after Amsden allegedly struck him while driving her Ford Explorer near her residence along Potato Valley Road. McNaughton had gone to Amsden's house to pick up his

grandson and claims that Amsden deliberately ran him down.

McNaughton commenced this action by filing a praecipe for writ of summons on March 2, 1999, the date of expiry of the statute of limitations. However, McNaughton admittedly served Amsden with a certified copy by first-class mail rather than by sheriff as required by Pa.R.C.P. 400. On March 3, 1999, Amsden received the writ and, on May 14, 1999, issued a rule upon McNaughton to file a complaint. McNaughton filed a complaint on July 15, 1999, and received preliminary objections on July 21, 1999, to the form of service, specificity of the pleading, and to McNaughton's punitive damages claim. When he learned of the objection to service of process, McNaughton had the complaint reinstated and properly served upon Amsden on August 12, 1999.

In response to Amsden's preliminary objections, McNaughton filed an amended complaint on August 31, 1999, which contains averments of negligence and battery, plus a claim for punitive damages. Amsden again responded with preliminary objections on September 20, 1999, to which McNaughton brought preliminary objections to Amsden's preliminary objections on November 1, 1999. The court heard oral argument on February 10, 2000, and both sets of preliminary objections are now ready for disposition.

Amsden brings three preliminary objections. First is an objection in the form of a motion to dismiss McNaughton's cause of action for improper service of the writ of summons pursuant to Pa.R.C.P. 1028(a)(1). Next, Amsden brings a motion to strike paragraphs 9(e) and 9(g) of McNaughton's amended complaint for insufficient specificity as required by Pa.R.C.P. 1028(a)(3). Fi-

nally, Amsden brings a preliminary objection in the form of a motion to strike McNaughton's punitive damages claim for failure to conform to law or rule of court (Pa.R.C.P. 1028(a)(2)), or, alternatively, for failure to state a claim upon which relief may be granted (demurrer). Pa.R.C.P. 1028(a)(4).

McNaughton brings but one preliminary objection to Amsden's preliminary objections. Specifically, McNaughton objects to Amsden's objection to service of the writ as an improper attempt to raise a statute of limitation defense, which is proper only when pled under new matter. This may be quickly resolved since a preliminary objection to service of process is quite proper under Pa.R.C.P. 1028(a)(1). Any statute of limitations issue here is merely ancillary to an objection to the form of service of process and requires us to overrule McNaughton's objection.

We are now left with Amsden's preliminary objections, and we begin with the service of process issue. Amsden contends that because service of the writ of summons was improper and that the proper service that did occur was after the expiration of the statute of limitations, McNaughton's action should be dismissed. In her brief, Amsden asks us to examine her objection to service under the doctrine espoused in *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), regarding the effect of improper service of a writ of summons upon the tolling of a statute of limitations.

*Lamp* states the following:

"Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control of it for a period in excess of that of the statute of limitations.

"Accordingly, . . . we rule henceforth, [that] . . . a writ of summons shall remain effective to commence an ac-

tion only if the plaintiff . . . refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Lamp,* 469 Pa. at 478, 366 A.2d at 889. (citation omitted)

The most recent case in which our Supreme Court provided insight into the *Lamp* decision was *Farinacci v. Beaver County Industrial Development,* 510 Pa. 589, 511 A.2d 757 (1986). In *Farinacci,* the court emphasized the good faith requirement within the context of the *Lamp* rule itself, in that its purpose is to prevent exclusive control by the plaintiff of an action beyond the statute of limitations.

Additional guidance in interpreting the *Lamp* decision is provided by our Superior Court:

"Our review of the *Lamp* decision reveals that the Supreme Court clearly intended to abrogate the potential for abuse in cases where the issuance of a writ of summons tolls the statute of limitations. On the other hand, we also interpret *Lamp* as not intending its effect to be the punishment of those who make a good-faith effort to comply with the local rules. This interpretation necessitates a case-by-case analysis of the applicability of *Lamp.* . . .

"We do not interpret the rule in *Lamp* as automatically binding upon those who find themselves in violation of their local rule regarding service regardless of the surrounding circumstances." *Jacob v. New Kensington Y.M.C.A.,* 312 Pa. Super. 533, 538, 459 A.2d 350, 352 (1983). (footnote omitted)

"What is to be gleaned from *Lamp* and its progeny is that: (1) one's 'good faith' effort to notify a defendant of the institution of a lawsuit is to be assessed on a case-by-case basis; and (2) the thrust of all inquiry is one of

whether a plaintiff engaged in a 'course of conduct' forestalling the legal machinery put in motion by his/her filings. . . . Further, we do not read *Lamp,* and the cases interpreting and applying it, to espouse a mechanical approach to the 'good faith' effort rule such that it allows for no exceptions in the face of an explanation and/or conduct which evidences an unintended deviation from the 'notice' requirement." *Leidich v. Franklin,* 394 Pa. Super. 302, 311, 575 A.2d 914, 918 (1990). (citations omitted)

*Leidich v. Franklin, supra,* is especially enlightening, not only for its factual similarity to this case, but also because it is a reversal of a decision issued by our court. *Leidich* was an automobile collision case where the plaintiff received a writ of summons from the prothonotary on the last day of the statute of limitations, and served it upon the defendant the following day via first-class mail. Since service was not effected by the sheriff, this court deemed the plaintiff to have not acted in good faith compliance with *Lamp,* and granted the defendants' motion for judgment on the pleadings. Our decision reflected a strict interpretation of *Lamp* as requiring exact compliance with procedural rules governing service of a writ of summons. On appeal, the Superior Court rejected our interpretation of the *Lamp* doctrine, which had applied a mechanical and universal dismissal of any action where the writ of summons was not properly served according to procedurally exacting standards.

In light of *Leidich* and subsequent precedent, we are not inclined to implement such an interpretation of *Lamp* instantly. Indeed, the case before us involves facts substantially similar. McNaughton commenced his cause of action by writ of summons on March 2, 1999, and mailed

it to Amsden, who received it the following day. This is identical to the events in *Leidich.* Although service of process by mail is plainly in violation of Pa.R.C.P. 400, *Leidich* instructs us not to apply mechanical rules, but to employ a case-by-case analysis. Here, McNaughton attempted to serve Amsden, albeit incorrectly, on the same day he received the writ of summons. He also immediately served his complaint in compliance with Pa.R.C.P. 400 upon Amsden's objection to service. We therefore fail to see how McNaughton forestalled the legal machinery he put into motion.

We also note Pa.R.C.P. 126:

"The rules [of procedure] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not effect the substantial rights of the parties." See *Leidich, supra.*

We do not view Amsden's rights substantially prejudiced by our decision. Amsden had actual notice of McNaughton's action through the mailed process and thereafter initiated appropriate responsive pleadings. Therefore, Amsden suffered no unfair surprise after the statute of limitations had run. *Fulco v. Shaffer,* 455 Pa. Super. 30, 686 A.2d 1330 (1996).

We now turn our attention to Amsden's next preliminary objection. Amsden argues that paragraphs 9(e) and (g) of McNaughton's amended complaint should be stricken for insufficient specificity of the pleadings. Paragraphs 9(e) and (g) read as follows:

"(9) The impact of the defendant's vehicle with the plaintiff and the resultant injuries to plaintiff were the direct and proximate result of the negligence of the defendant as follows:

"(e) Failing to operate her vehicle in a careful and prudent manner with due regard for a person in the position of plaintiff on the highway;

"(g) Operating her truck in a careless and negligent manner which brought the truck into forcible and violent contact with the plaintiff, causing him to sustain injury."

Pa.R.C.P. 1019(a) provides: "[t]he material facts on which a cause of action or defense is based shall be stated in concise and summary form." The purpose, therefore, of a sufficiently specific pleading is to provide sufficient clarity in the pleadings to allow the defendant to prepare a defense. *Paz v. Commonwealth of Pennsylvania, Department of Corrections,* 135 Pa. Commw. 162, 170-71, 580 A.2d 452, 456 (1990). In addition, our Supreme Court in *Seaman v. Tamaqua National Bank,* 280 Pa. 124, 127, 124 A. 323 (1924), ruled that an ambiguous complaint does not justify throwing the plaintiff out of court "without affording him opportunity to make it clear." While we agree that the pleading here lacks specificity, we are inclined to grant McNaughton leave to amend his complaint.

Finally, Amsden raises a demurrer on the basis that there are no facts in McNaughton's complaint to support intentional or reckless conduct as required to support a claim for punitive damages. In her pleading, Amsden initially raises a preliminary objection for failure of McNaughton's pleading to conform to law or rule of court under Pa.R.C.P. 1028(2) and brings her demurrer in the alternative. However, since she only discussed the demurrer in her brief, we dispose of her objection accordingly.

Without passing on the merits of the claim for punitive damages, we have consistently held that such a claim does not set forth a cause of action in and of itself. Therefore, it is not the proper object of a demurrer. See *Todd v.*

*Burnquist,* 116 Dauphin Rep. 383 (1996); *Majid v. Vartan,* 114 Dauphin Rep. 351 (1994). Thus, Amsden's demurrer in this context is overruled.

## ORDER

And now, April 24, 2000, upon consideration of defendant Larissa D. Amsden's preliminary objections to plaintiff Ernest McNaughton's amended complaint, and upon consideration of plaintiff's preliminary objection to defendant's preliminary objections, the following is hereby ordered:

(1) Defendant's preliminary objection to plaintiff's service of process is overruled;

(2) Defendant's preliminary objection to plaintiff's insufficient specificity in paragraphs 9(e) and (g) of the amended complaint is sustained; however, this court grants plaintiff 20 days to amend the amended complaint;

(3) Defendant's demurrer to plaintiff's claim of punitive damages is overruled;

(4) Defendant's preliminary objection to plaintiff's preliminary objection is overruled.