585 A.2d 583

**Edward WILLIAMS, Appellant,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and Steven Janjanin and Eugene Luciw, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 1990.

Decided Jan. 9, 1991.

Craig M. Washington, Philadelphia, for appellant.

Leslie G. Dias, with him, Gordon J. Scopinich and Margaret E. Wenke, Philadelphia, for appellees.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Edward Williams has appealed from an order of the Court of Common Pleas of Philadelphia County granting the motion for summary judgment filed by the Southeastern Pennsylvania Transportation Authority (SEPTA) and its trolley car driver Steven Janjanin [1] and dismissing Williams' complaint.

Williams alleges that he was injured on February 18, 1986 while aboard a SEPTA trolley driven by Janjanin. On February 17, 1988, one day before the applicable two-year statute of limitations ran, he, through his attorney, filed a praecipe to issue a writ of summons. His attorney filed an affidavit wherein he states that he mailed a copy of the writ to Mr. Melvin Pitts, SEPTA's claims supervisor, on February 2, 1988. This letter included an "acceptance of service letter form" (Williams' brief p. 4), which Mr. Pitts was

---

1. SEPTA's attorney entered his appearance on behalf of both the Authority and Janjanin. For the sake of convenience, we shall refer to the parties collectively as "SEPTA."

asked to forward to SEPTA's legal department. The form was not returned to Williams' counsel.

SEPTA was ultimately served with a copy of the writ on October 25, 1988. In the interim, Williams' counsel had reissued the writ a total of seven times. Williams' failure to have the writ served until eight months after it was originally issued is not explained in the record.

Williams filed his complaint on November 25, 1988 and SEPTA filed an answer and new matter on December 12, 1988. In its new matter, SEPTA raised the bar of the statute of limitations for Williams' failure to effect timely service of his writ of summons. It thereafter filed a motion for summary judgment on these grounds, which motion was granted by the trial court.

The issue before us is whether the trial court properly granted summary judgment based upon *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976). We hold that the motion was properly granted and affirm.

In *Lamp*, our Supreme Court laid down a new rule with respect to actions commenced by writs of summons within the statute of limitations period, but not served before the expiration of that period. Prior to *Lamp*, the rule was that an action commenced but not served within the statutory period was sufficient to toll the statute for an additional period equal to the length of the statutory period. The *Lamp* Court stated:

> We now conclude that there is too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service. In addition, we find that such a rule is inconsistent with the policy underlying statutes of limitation of avoiding stale claims, and with that underlying our court rules of making the process of justice as speedy and efficient as possible. Accordingly, we believe that the rule must now be qualified.... Our purpose is to avoid the situation in which a plaintiff can bring an

action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.

Accordingly, pursuant to our supervisory power over Pennsylvania courts, we rule that henceforth, i.e., in actions instituted subsequent to the date of this decision, a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion. Since the manner in which writs of summons are to be prepared and delivered to the sheriff for service is not covered by our rules and since there are differences among the judicial districts of Pennsylvania in the procedures followed in these matters, a plaintiff should comply with local practice as to the delivery of the writ to the sheriff for service.

*Id.*, 469 Pa. at 477–78, 366 A.2d at 888–89 (citation omitted; footnotes omitted).

Williams argues that *Lamp* does not apply because he did not attempt to frustrate the legal process. Rather, he argues that he complied with Pa.R.C.P. No. (Rule) 402(b) by sending a copy of the writ to SEPTA along with an acceptance of service form which was not returned to him. Rule 402 covers two topics: the manner in which original process may be served (subsection (a)), and, in lieu of such service, the manner in which a defendant may accept service by filing a separate document acknowledging such acceptance (subsection (b)). There is nothing in Rule 402 which requires a defendant to accept service using an acceptance of service form and the mere mailing of such a form to a defendant is not the equivalent of personal service by the sheriff as required by Rule 400(a).

Rule 400(a) provides, with exceptions not relevant here, that "original process *shall* be served within the Commonwealth *only* by the sheriff" (emphasis added). *Lamp* requires a plaintiff to comply with local practice regarding delivery of the writ to the sheriff for service. Significantly, Williams' brief is devoid of any mention of his attempts to

comply with local practice. He has not argued that any administrative failure by either the sheriff's or the prothonotary's office was responsible for the delay of eight months between the filing of his writ and its ultimate service by the sheriff on SEPTA. Rather, his argument appears to be based upon his misunderstanding of Rule 400(a), as he seems to believe personal service was not required since he had mailed a copy of the writ and an acceptance of service form to SEPTA.[2] The affidavit counsel submitted to the trial court for its consideration in ruling on the summary judgment motion merely states that he mailed a copy of the writ to SEPTA on February 22, 1988.

The Pennsylvania Superior Court has noted that "[w]hen a praecipe is filed but the writ is not served, the burden is on the plaintiff to show that he made a good faith attempt to have the writ served." *Feher v. Altman*, 357 Pa.Superior Ct. 50, 55, 515 A.2d 317, 320 (1986), *petition for allowance of appeal denied*, 515 Pa. 622, 531 A.2d 430 (1987). Although Williams, like the plaintiff in *Feher*, apparently made no attempt to actively thwart service, neither did he take affirmative action to insure that the writ was served in accordance with the Rules of Civil Procedure.

We have reviewed the authorities cited by Williams and find all to be factually distinguishable from this situation. Because we find *Lamp* and its progeny to be controlling, we will affirm the order of the trial court granting SEPTA's motion for summary judgment.

## ORDER

AND NOW, this 9th day of January, 1991, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

**2.** This case was originally scheduled for oral argument on December 3, 1990. Williams' counsel did not appear, rendering clarification of his position to this Court impossible.