## Steinberg v. Blue Flame Gas Service Inc.

C.P. of Bucks County, no. 95-1909-13-2.

*Louis T. Savino Jr.,* for plaintiff.
*Joseph M. DeMarco,* for defendant.

BIEHN, *P.J.,* August 4, 1997—Defendant, Blue Flame Services Inc., has filed a motion for summary judgment. For the following reasons, the motion is granted.

This matter arises out of the alleged explosion of plaintiffs' pool heater on May 19, 1992. On May 19, 1994, Morris and Virginia Steinberg filed a writ of summons in Philadelphia County against, inter alia, the above-named defendant. Thereafter, on May 24, 1997, plaintiffs mailed a copy of the writ to Blue Flame. At no time was proper service effectuated. On or about September 12, 1994, plaintiffs filed a complaint in the Philadelphia Court of Common Pleas. Venue was transferred to Bucks County by stipulation of the parties. The pleadings were closed upon plaintiffs' filing of an answer to Blue Flame's new matter on October 27, 1994.

Blue Flame, in its motion for summary judgment, asserts that the statute of limitations has run since effective service has never been made. In response, the Steinbergs argue that since Blue Flame failed to raise

the issue of ineffective service in preliminary objections, the defense is waived.

We find the case of *Williams v. SEPTA,* 137 Pa. Commw. 163, 585 A.2d 583 (1991) to be on point. In *Williams,* the defendant filed a motion for summary judgment arguing that the statute of limitations had run due to improper service, which was granted. We infer that preliminary objections were not filed, for had they been, the issue would have been resolved prior to the filing of the summary judgment motion. Therefore, the instant defendant may argue ineffective service as a basis for summary judgment.

The law regarding the relationship between service of process and the statute of limitations is set forth in *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976). In *Lamp,* the court held that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.* at 478, 366 A.2d at 889. (footnote omitted) The court continued that "a plaintiff should comply with local practice as to the delivery of the writ to the sheriff for service." *Id.* The Pennsylvania Rules of Civil Procedure clearly state that "original process shall be served within the Commonwealth only by the sheriff." 42 Pa.R.C.P. 400(a).

Applying *Lamp,* the *Williams* court stated that although the plaintiff "apparently made no attempt to actively thwart service, neither did he take affirmative action to insure that the writ was served in accordance with the Rules of Civil Procedure." *Williams, supra* at 167, 585 A.2d at 585. The court subsequently upheld the lower court's granting of the defendant's summary judgment motion.

In the instant case, since service was made solely via mail, plaintiffs failed to comply with Rule 400(a). Without effective service being made, the statute of limitations continued to run and has expired. Therefore, in accordance with *Lamp* and *Williams,* we grant defendant's motion for summary judgment.

### ORDER

And now, August 4, 1997, upon consideration of defendant Blue Flame Service Inc.'s motion for summary judgment, plaintiff's response and parties' memoranda thereto, it is hereby ordered and decreed that the motion is granted.