**CONCERNED TAXPAYERS OF CLEARFIELD COUNTY, an unincorporated association, Anthony J. Yankevich, and Robert K. Long, Appellants,**

**v.**

**CLEARFIELD COUNTY, Commissioner Michael Lytle, Commissioner Gerald Hatcher, Commissioner Gene Lunsford.**

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 2000.

Decided Dec. 1, 2000.

Reargument Denied Jan. 29, 2001.

Theron G. Noble, Clearfield, for appellants.

Kim C. Kesner, Clearfield, for appelles.

Before DOYLE, President Judge, McGINLEY, Judge, SMITH, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, KELLEY, Judge and FLAHERTY, Judge.

PELLEGRINI, Judge.

Concerned Taxpayers of Clearfield County,[1] Anthony J. Yankevich and Robert

1. Concerned Taxpayers of Clearfield County is an unincorporated association consisting of 35 adult residents of Clearfield County.

K. Long (collectively, Taxpayers) appeal from an order of the Court of Common Pleas of Clearfield County (trial court) sustaining the preliminary objections in the nature of a demurrer filed by Clearfield County (County) and its Commissioners Michael Lytle, Gerald Hatcher and Gene Lunsford (collectively, Commissioners) in response to a complaint filed by Taxpayers.

On October 29, 1999, Taxpayers filed an action in equity against Clearfield County and its Commissioners alleging that between 1996 and 1998, they were responsible for creating, implementing and overseeing implementation of the County budget, and they exceeded their taxing authority by maintaining a surplus that exceeded the 5% permitted pursuant to Section 513 of the County Code.[2] More specifically, they averred that for fiscal years 1996, 1997 and 1998, there had been a budget surplus, there was an unrestricted cash balance which they characterized as an unreserved fund balance[3]

in the amounts of $3,881,259, $3,919,631 and $5,520,875, respectively, and since that time, this balance continued to grow and was expected to reach $7 million by 1999.[4] Taxpayers requested the trial court to order that the Commissioners, *inter alia*, immediately pay off all outstanding debts owed by the County from the surplus, place a limitation of expenditures on the remaining surplus, and to prepare the year 2000 budget incorporating the remaining surplus as an additional source of revenue.

The County and the Commissioners filed preliminary objections in the nature of a demurrer arguing that Taxpayers' complaint should be dismissed because the Taxpayers had failed to exhaust their adequate statutory remedies by seeking an audit of the Controller report concerning the County finances as set forth in Section 1731 of the County Code, 16 P.S. § 1731 (relating to the reports in Section 1730 of the County Code, 16 P.S. § 1730),[5] as well

---

**2.** Act of August 9, 1955, P.L. 323, *as added* by the Act of November 23, 1994, P.L. 640, 16 P.S. § 513. That section provides, in relevant part:

> (a) The county commissioners shall have the power to create and maintain a separate operating reserve fund in order to minimize future revenue shortfalls and deficits, provide greater continuity and predictability in the funding of vital government services, minimize the need to increase taxes to balance the budget in times of fiscal distress, provide the capacity to undertake long-range financial planning and develop fiscal resources to meet long-term needs.
> (b) The county commissioners may annually make appropriations from the general county fund to the operating reserve fund, but no appropriation shall be made to the operating reserve fund if the effect of the appropriation would cause the fund to exceed five per cent of the estimated revenues of the county's general fund in the current fiscal year.

**3.** They explained that the budget surplus was further defined as "assets less liabilities less reserves."

**4.** For fiscal year 1996, they stated that $194,596 had been earned in interest; in

1997, $190,801 had been earned in interest; and in 1998, $248,406 had been earned in interest.

**5.** Section 1730 of the County Code provides:

> **Filing reports**
> (a) The reports of the controller or auditors shall be filed among the records of the court of common pleas of the county.
> (b) The amount of any balance or shortage, or of any expenditure of a kind, or made in a manner, prohibited or not authorized by statute, which causes a financial loss to the county shall be a surcharge against any officer against whom such balance or shortage shall appear, or who by vote, act or neglect, has permitted or approved such expenditure, but no elected or appointed official of a county shall be surcharged for any act, error or omission in excess of the actual financial loss sustained by the county, and any surcharge shall take into consideration as its basis the results of such act, error or omission and the results had the procedure been strictly according to law. The provisions hereof limiting the amount of any surcharge shall not apply to cases involving fraud or collusion on the part of officers, nor to any penalty inuring to the benefit or payable to the Commonwealth.
> Section 1731 of the County Code provides:

as that Section 513 of the County Code did not limit the cash balance of the County to only 5% of the amount of the County general fund budget.

■ The trial court granted the County and Commissioners' preliminary objections on the basis that Taxpayers failed to exhaust their statutory remedies pursuant to Section 1731 of the County Code. The trial court, however, noted in its decision that had Taxpayers exhausted their statutory remedies, their complaint would have stated a cause of action because:

> Since no one has been able to specifically define what the "operating reserve fund" actually is, it is difficult to say if the seven million dollars currently in the Clearfield County unreserved fund is in fact applicable to Section 513. It is equally difficult to determine if that amount is excessive for the Commissioners' stated purposes. For this reason, Respondents' demurrer to Petitioners' complaint for failure to state a cause of action would have to be denied, so that this Court could take testimony concerning the standards established state-wide involving the Section 513 operating reserve fund.

This appeal by Taxpayers followed.[6]

## I.

■ Taxpayers contend that the trial court erred in dismissing their complaint for failure to exhaust statutory remedies under Section 1731 of the County Code because that section is not applicable. We

Appeals from reports
An appeal may be taken from such reports to the court of common pleas, either by the Commonwealth, the county or the officer. Such appeal may also be taken by ten or more taxpayers on behalf of the county, in the manner and subject to the restrictions provided by article twenty-eight of this act. Such appeal shall be entered by the Commonwealth within four months, and by the county and the officer within sixty days after the filing of the report. *Upon appeal to the court of common pleas, the controller or auditors shall be required to establish the validity of the surcharge and shall establish the loss sustained to the county.*

agree. Section 1731 provides in relevant part: "Upon appeal to the court of common pleas, the controller or auditors shall be required to establish the validity of the *surcharge and shall establish the loss sustained to the county.* If the surcharge is upheld on appeal to the court of common pleas, the officer so surcharged shall immediately pay the costs and money due to the county." (Emphasis added.) As Taxpayers pointed out at oral argument, they are not arguing that there has been any loss but rather that there is a surplus. Because this provision does not give Taxpayers the general power to file a request for audit for any purported violation in the budgetary process but only where the appeal is taken from a report that establishes a loss and no loss is being alleged, Taxpayers do not have an adequate remedy at law.

## II.

■ While ordinarily, we would remand the matter because the trial court incorrectly found that Taxpayers had an adequate remedy at law, both parties, as well as the trial court, have addressed the issue of whether Section 513 of the County Code requires that a county's tax planners, in this case, the Commissioners, recognize any surplus from a previous year and maintain an operating reserve fund at no more than 5% of the estimated revenues of the general fund. In the interest of judicial economy, we will address the issue rather than remand back for trial.

> *If the surcharge is upheld on appeal to the court of common pleas, the officer so surcharged shall immediately pay the costs and money due to the county.* (Emphasis added.)

**6.** Our scope of review of a trial court's grant of preliminary objections is limited to determining whether that court committed an error of law or abused its discretion. *Peerless Publications v. County of Montgomery*, 656 A.2d 547 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 542 Pa. 680, 668 A.2d 1141 (1995).

Section 513 of the County Code provides in pertinent part:

> (b) The county commissioners may annually make *appropriations* from the general county fund to the operating reserve fund, but no *appropriation* shall be made to the operating reserve fund if the effect of the *appropriation* would cause the fund to exceed five per cent of the estimated revenues of the county's general fund in the current fiscal year. (Emphasis added.)

Although the County Code does not define what constitutes an "appropriation," it is commonly defined as "money that is set aside by formal action for a specific use." Webster's Ninth New Collegiate Dictionary 98 (1989). Section 513 of the County Code is, in effect, a grant of power to the County, not a restriction, to allow as part of the budget process something that it could not do before its enactment—to make an appropriation and raise taxes in order to have an operating fund balance without depending on what is, in effect, unanticipated revenues to create a surplus.

In this case, the Commissioners never created an operating reserve fund or made an appropriation to such a fund creating the surplus. What exists is an accumulation of funds resulting from revenues exceeding expenses which may be unrestricted funds but is not an operating reserve fund as that term is defined within the meaning of Section 513 of the County Code.

Accordingly, the order of the trial court is affirmed but on different grounds.

## ORDER

AND NOW, this 1st day of December, 2000, the order of the Court of Common Pleas of Clearfield County dated January 26, 2000, is affirmed.