Thomas L. BEGLIN, Appellant,

v.

Larry STRATTON, Jr., James Weaver, Harold Beck, Commissioners of McKean County, Pennsylvania, and Donald D. Morey, Sheriff of McKean County, Pennsylvania.

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 2002.

Decided Feb. 4, 2003.

Timothy P. Morris, Punxsutawney, for appellant.

Louis C. Long, Pittsburgh, for appellees.

BEFORE: PELLEGRINI, Judge, LEAVITT, Judge and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

On January 22, 1997, while incarcerated on a sentence imposed by the Court of Common Pleas of McKean County, Appellant slipped and fell in a puddle of water located on the floor in the hallway of the secured area of the McKean County Jail and suffered personal injuries which required treatment.

On January 22, 1999, Appellant filed an unsigned Praecipe for Writs of Summons which was accepted and time-stamped by the Prothonotary of McKean County but not docketed.

On January 25, 1999, Appellant filed a duplicate Praecipe for Writs of Summons which was signed requesting four summonses be issued against the Appellees who were at that time the Commissioners and Sheriff of McKean County, which were docketed as of that date. The Writs were dated January 22, 1999. (R.18a.) On February 11, 1999, the Writs were served personally on the Appellees by the father of the Appellant. On December 19, 2001, Appellant filed a Complaint identifying the action in tort. On January 7, 2002, an amended complaint was filed. On January 10, 2002, the Amended Complaint was served on Appellees by regular mail as indicated in the Certificate of Service filed on January 18, 2002. On February 19, 2002, Preliminary Objections were filed by the Appellees that there "is no indication in the docket that service was ever made of the Writ of Summons." (Defendant's Preliminary Objections Paragraph 8.) Further, the Preliminary Objections state that "[t]o the extent the docket reflects that there would be an effort to make service by mail of the original Writ of Summons, service by mail would not be proper under the Pennsylvania Rules of Civil Procedure." (Defendant's Preliminary Objections Paragraph 9.) The second preliminary objection complained that the docket entries indicated the Praecipe for Writs of Summons was filed on January 25, 1999, beyond the two-year statute of limitations.

Following briefing, an oral argument was held before the trial court on May 8, 2002. No record was made. At the hearing, Appellees argued that service had

been performed by the wrong person. The trial court permitted this line of argument by the Appellees over the objection of the Appellant, who argued that this issue had not been set forth in the Preliminary Objections and was being raised for the first time during the oral argument. Also during the hearing, the Appellant clarified that the Prothonotary had accepted the first Writ of Summons on January 22, 1999, thus addressing the second of the Appellees' two issues raised in their written Preliminary Objections.

Also at the hearing on the Preliminary Objections, Appellant orally argued that upon his release from jail, he sought the legal advice of Attorney John Noble of the law firm of Meyer, Darragh, Buckler, Bebenek and Eck in that firm's Greensburg office where the documents concerning the case were reviewed and moved that Meyer, Darragh be precluded from representing the Appellees. Meyer, Darragh denied the meeting ever occurred. Meyer, Darragh subsequently took the Appellees' case in this matter. The trial court recognized the Appellant's argument on conflict of interest.

The trial court held that improper service of process had been made by the Appellant and granted Appellee's Preliminary Objections.

Appellant raises three issues on appeal: (1) Should the trial court have granted the preliminary objection of Defendants challenging the validity of service of the Plaintiff's Writs of Summons on issues not raised in their Preliminary Objections but based merely on oral argument made by the Defendants? (2) In the alternative, should the trial court have dismissed the Plaintiff's Complaint with prejudice because the Writs of Summons were improperly served rather than merely dismissing the Writs themselves? (3) Should the defense firm have been removed from the

case because a member of the firm discussed the Plaintiff's case with him before the firm entered an appearance on behalf of the Defendants?

■ Pa. R.C.P. No. 400 states:

### Rule 400. Person to Make Service

(a) Except as provided in subdivisions (b) and (c) and in Rules 400.1 and 1930.4, original process shall be served within the Commonwealth only by the sheriff.

(b) In addition to service by the sheriff, original process may be served also by a competent adult in the following actions: equity, partition, prevent waste, and declaratory judgment when declaratory relief is the only relief sought.

(c) When the sheriff is a party to the action, original process shall be served by the coroner or other officer authorized by law to perform the duties of coroner.

When the instant civil action was commenced by the filing of a Praecipe for a Writ of Summons, it was apparent that the sheriff was a party to the action. Thus, Pa. R.C.P. No. 400(c) applied and the original process, i.e., the Writs of Summons, could only be served by the coroner or other officer authorized by law to perform the duties of coroner. Service by a competent adult, such as, Mr. Beglin's father, was clearly not authorized since such service is only permitted under Pa. R.C.P. No. 400(b) in actions of equity, partition, prevent waste and declaratory judgment to which category the tort action *sub judice* does not qualify.

■ Appellant claims the Appellees did not raise the validity of service by Appellant's father until oral argument before the trial court.

Preliminary Objection No. 6 states: "The docket entries do not reflect any

service of the Writ of Summons whatsoever."

Preliminary Objection No. 10 states: "The docket itself makes clear that the plaintiff has not effectuated service on the defendants in accordance with the Pennsylvania Rules of Civil Procedure."

Preliminary Objection No. 11 states: "Pennsylvania Rule of Civil Procedure 1028 allows Preliminary Objections to be filed based upon improper service."

Although the Appellees failed to spell out that improper service was made by violating Pa. R.C.P. No. 400(c) in not having the service made by the coroner, improper service was sufficiently pled to raise the issue in the court below to put the Plaintiff on notice and for the Court to properly decide. The mere fact that the sheriff was only one of the defendants named does not negate the mandatory nature of Pa. R.C.P. No. 400(c) which requires service by the coroner on all defendants whenever the sheriff is a co-defendant. Procedural rules relating to service of process must be strictly followed because jurisdiction of the person of the defendant cannot be obtained unless proper service is made. *Azzarelli v. City of Scranton*, 655 A.2d 648 (Pa. Cmwlth.1995).

■ Appellant argues in the alternative that the trial court should not have dismissed the Appellant's Complaint with prejudice because the Writs were improperly served but should merely have dismissed the Writs themselves. This argument is not persuasive, however, because even if the Writ were set aside, the Complaint would then become *alternative original* process under Pa. R.C.P. 401(b)(5) and considered reissued as of December 19, 2001, the date the complaint was filed.[1] As it would still be *original* process, it would still be incumbent upon Appellant to serve the Complaint in accordance with the rules, i.e., Pa. R.C.P. No. 400(c), using the coroner. Here, the Complaint was mailed by Appellant's counsel. This Court has previously affirmed a summary judgment when counsel mailed original process to a defendant instead of properly serving it. *Williams v. Southeastern Pennsylvania Transportation Authority*, 137 Pa. Cmwlth. 163, 585 A.2d 583 (1991).

■ Further, even if the complaint were to serve as alternative original process, it then creates a problem under the second preliminary objection raised, i.e., the statute of limitations since the incident giving rise to the claim occurred on January 22, 1997, and the complaint as alternative original process would be considered filed on December 19, 2001, four years, ten months and twenty-seven days later—well over the two-year limitation of action period. When a plaintiff institutes an action by Writ of Summons, it remains effective to commence an action only if plaintiff's later conduct does not stall the legal machinery in its tracks which he has set in motion. *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976). Here, regardless of the validity of the service of the Writs, once the Appellant started up the legal machinery

---

1. Pa. R.C.P. No. 401(b)(5) states:

    **Rule 401. Time for Service. Reissuance, Reinstatement and Substitution of Original Process. Copies for Service**

    . . . .

    (5) If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of the filing of the complaint. Thereafter the writ may be reissued, or the complaint may be reinstated as the equivalent of a reissuance of the writ, and the plaintiff may use either the reissued writ or the reinstated complaint as alternative original process.

on January 22, 1999, and made an albeit improper attempt at service of the Writ by his father on February 11, 1999, he cannot thereafter sit by for almost three years and let the legal machinery stall while he does nothing, including not even making a return of service as required by Pa. R.C.P. No. 405, the lethal effects of which need not be analyzed here.

 Finally, Appellant complains that the trial court should have precluded the defense firm from representing Appellees. There is no evidence in the record except a letter of allegation and a letter of denial. The argument was heard by the trial judge at oral argument where it was first raised. The trial judge denied the motion to preclude the Appellee from representing defendants. It is difficult to see how the trial court had sufficient evidence to make a decision on the conflict of interest issue and, in any event, how it could affect the outcome of the decision on the service of process issue since Appellant's dilatory conduct is clear from the docket. Further, even if the trial court committed error on the conflict of interest issue, it was harmless error. If Appellant is grieved by any professional misconduct of defense counsel, his remedy is available in the Disciplinary Board of the Supreme Court of Pennsylvania, not in an argument on preliminary objections in a tort action.

The trial court is, therefore, affirmed.

### ORDER

NOW, February 4, 2003, the order of the Court of Common Pleas of McKean County, at No. 75–1999 C.D., dated May 8, 2002, is affirmed.