Charles F. McCREESH

v.

CITY OF PHILADELPHIA, Appellant.

Commonwealth Court of Pennsylvania.

Argued Nov. 4, 2003.
Decided Dec. 31, 2003.

Alan C. Ostrow, Philadelphia, for appellant.

Gerald B. Baldino, Jr., Media, for appellee.

BEFORE: COHN, Judge, LEAVITT, Judge and JIULIANTE, Senior Judge.

OPINION BY Judge LEAVITT.

The City of Philadelphia (City) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) overruling the City's preliminary objection to a trespass complaint (Complaint) filed by Charles F. McCreesh (McCreesh). The City moved to dismiss the Complaint for the reason that it was filed after the statute of limitations had run.[1]

The facts of this case are not in dispute. On August 12, 2002, McCreesh filed a Praecipe to Issue a Writ of Summons (Writ) and attempted service by sending the Writ to the City Law Department by certified mail. The mailing was marked received by the receptionist on August 13, 2002, on the 15th Floor of the building at 1515 Arch Street where the Law Department is located.[2]

On November 8, 2002, McCreesh filed the Complaint in which he requested damages no greater than $50,000 for property damage and personal injury. The Complaint alleged that on August 14, 2000, a City-owned tree fell on McCreesh's truck, causing losses to him. Also on November 8, 2002, the Writ was reissued and served by hand-delivery upon Ms. Sheila Riggs at the City Law Department.

The City filed two preliminary objections to the Complaint.[3] Relevant to this appeal is its preliminary objection to service. The City claimed that the statute of limitations on McCreesh's claim ran on August 14, 2002, and proper service was not effected until November 8, 2002, more than two years after the incident. Accordingly, the City requested dismissal of the Complaint as untimely filed.

On January 2, 2002, the trial court overruled the City's preliminary objection. It found that the depositions of Postal Supervisor Hans Aglidian and Postal employee, Jonathan McCoy, established that a certified mail package containing the Writ, as attested to in the affidavit of service, had been delivered to the receptionist at the City Law Department on August 13, 2002 by Mr. McCoy. Because original process may be served by the sheriff or a *competent adult*,[4] and Mr. McCoy was found to be a competent adult, the trial court held that a good faith effort was made to serve the Writ, which tolled the statute of limitations. The City sought and was granted permission to appeal the trial court's order.[5]

1. A statute of limitations defense is to be raised as new matter in a responsive pleading. Pa. R.C.P. No. 1030. However, McCreesh has not objected to the issue being raised by way of preliminary objection. Further, invalid service is properly raised by preliminary objection. Pa. R.C.P. No. 1028(a)(1).

2. H. Michael McCreesh, plaintiff's counsel of record, executed an affidavit attesting to the Writ's service by certified mail.

3. The City also filed a motion to strike Paragraph 9(f) of the Complaint because it contained an overly broad allegation of negligence that should be stricken pursuant to Pa. R.C.P. 1028(a)(2). The trial court granted this preliminary objection, and McCreesh does not contest this ruling of the trial court.

4. *See* Pa. R.C.P. No. 400.1(a)(1).

5. The denial of the City's preliminary objection is an interlocutory order and not appealable. However, Pa. R.A.P. 1311 provides that "[a]n appeal may be taken by permission under 42 Pa.C.S. § 702(b), (interlocutory appeals by permission) from any interlocutory order of a lower court or other governmental unit." An application for appeal from an interlocutory order must expressly set forth the statement in 42 Pa.C.S. 702(b) that "[w]hen a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order

On appeal, the City argues that valid service of a writ of summons or other original process in a civil action cannot be effected by certified mail in the First Judicial District. Further, the filing of a writ of summons will not toll the statute of limitations unless a good faith effort is then made to serve the writ within thirty days of its filing. In sum, the City asserts that the trial court erred in holding that the statute of limitations had been tolled by the August 13, 2002 delivery of the Writ by certified mail.

■ The first question is whether the August 8, 2002 service of the Writ by certified mail was valid. Service of original process is a matter prescribed by the Pennsylvania Rules of Civil Procedure for actions instituted in the First Judicial District against a defendant located in the First Judicial District, as is the case here.

Pa. R.C.P. No. 400.1 provides as follows:

(a) In an action commenced in the First Judicial District, original process may be served

(1) within the county by the sheriff or a competent adult, or

(2) in any other county by deputized service as provided by Rule 400(d) or by a competent adult forwarding the process to the sheriff of the county where service may be made.

(b) In an action commenced in any other county, original process may be served in Philadelphia County by deputized ser-

vice as provided by Rule 400(d) or by a competent adult.

The purpose of this rule is to identify *who* can make service of original process in the First Judicial District. Pa. R.C.P. No. 402(a) then directs *how* the service is to be accomplished in the First Judicial District, or any judicial district, by a sheriff or competent adult. It states:

(a) Original process may be served

(1) by *handing* a copy to the defendant; or

(2) by *handing* a copy

(i) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa. R.C.P. No. 402(a) (emphasis added).[6]

Service by hand delivery is not absolute for every civil case. The Pennsylvania Rules of Civil Procedure specifically authorize service by mail in some circumstances and specify how mail service is to be done:

---

may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order." This Court permitted the City's appeal.

**6.** *See* Pa. R.C.P. No. 420(2) (service upon minors) ("by handing a copy to the minor's guardian"); Pa. R.C.P. No. 421(2) (service upon incapacitated persons) (by "handing a

copy to the incapacitated person's guardian"); Pa. R.C.P No. 422(b) (service upon political subdivisions) (by "handing a copy to (1) an agent duly authorized by the political subdivision to receive service of process"); Pa. R.C.P. No. 424 (service upon corporations and similar entities) (by "handing a copy to any of the following persons," such as an executive officer, partner, trustee, manager, or other authorized agent).

*If a rule of civil procedure authorizes original process to be served by mail,* a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail.

Pa. R.C.P. No. 403 (emphasis added). Before this type of service is undertaken, however, the plaintiff must have express authorization for mail service. For example, service of original process outside the Commonwealth specifically authorizes service "by mail in the manner provided by Rule 403." Pa. R.C.P. No. 404(2).[7] Here, the Complaint did not involve an out-of-state defendant or even an out-of-county defendant.

The trial court focused on whether service by a postal employee is service by a "competent adult," which is defined as "an individual eighteen years of age or older who is neither a party to the action nor an employee or a relative of a party." Pa. R.C.P. No. 76 (Definitions). A postal employee will always satisfy this definition so long as she is not related to the defendant by blood or employment. However, the Pennsylvania Rules of Civil Procedure direct the manner of service as well as who may undertake authorized service.[8] As re-

quired by Pa. R.C.P. No. 131,[9] all of the Rules of Civil Procedure relating to service of process are *in pari materia* and must be construed together. Here, the service in question was governed exclusively by Pa. R.C.P. No. 402(a), which does not allow for service by mail or incorporate by reference Pa. R.C.P. No. 403.

■ In construing a rule, our objective is to ascertain the intent of the Supreme Court. Pa. R.C.P. No. 127(a).[10] It is presumed that the Supreme Court does not use language as mere surplusage; therefore, "[e]very rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Pa. R.C.P. No. 127(b).

The trial court's interpretation of the rule, allowing original service by certified mail delivery, would eliminate the precision by which our Supreme Court has directed when service must be made by hand delivery and when service by mail will suffice. Instead of effectuating the intent of the Supreme Court, the trial court's interpretation would have the effect of subverting the Court's intent while render-

---

7. There are other rules that specifically authorize service by mail. *See* Pa. R.C.P. No. 410(c)(3) (service in actions involving title to real property made pursuant to an order of court may be by "registered mail to the defendant's last known address."); Pa. R.C.P. No.1930.4(c) (service of original process in domestic relations matters, except in protection from abuse matters, may be made by mailing the complaint and order to the defendant's last known address by both regular and certified mail).

8. To focus on competent adult alone means that any manner of service chosen by the competent adult will be found valid. At a minimum, personal service by "competent adult" would also cover private carriers such as United Parcel Service and Federal Express.

However, service by e-mail and facsimile would also be included.

9. It provides,

Rules or parts of rules are *in pari materia* when they relate to the same proceedings or class of proceedings. Rules *in pari materia* shall be construed together, if possible, as one rule or one chapter of rules.

Pa. R.C.P. No. 131.

10. It provides,

(a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.

Pa R.C.P. No. 127(a). *See, e.g., Willits v. Fryer,* 734 A.2d 425 (Pa.Super.1999).

ing the words it has chosen as mere surplusage.[11]

In sum, our Supreme Court has made clear that service by mail is available only when a rule specifically authorizes such service. Absent a reference in either Pa. R.C.P. Nos. 400.1 or No. 402 to service by mail, we cannot find that serving the Writ upon the City by mail, rather than by hand delivery, was valid. We hold that McCreesh did not effect valid service upon the City by delivering the Writ by certified mail on August 13, 2002.[12]

▌ The trial court held that even if service of the Writ was not effected on August 13, 2002, the statute of limitations was nevertheless tolled because the praecipe was filed on August 12, 2002, which date was prior to the running of the two-year statute of limitations on August 14, 2002. Service of original process after the statute of limitations may toll the statute where the original process is timely filed.[13] However, the plaintiff must make a good faith effort to serve the process promptly. The trial court erred in finding that McCreesh made a good faith effort at service of the Writ.

The leading case in this area of law is *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976).[14] In *Lamp*, plaintiff's attorney

11. Although an explanatory comment is not part of a rule, it "may be used in construing the rule." Pa. R.C.P. No. 129(e). Here, a 1985 Explanatory Comment to the Rules of Civil Procedure pertaining to service of original process sheds light on the Supreme Court's intent with respect thereto. The Explanatory Comment makes it clear that service by mail is authorized under very limited circumstances:

> When these amendments were published as Recommendation No. 69, the recommendation proposed to extend the right of service by competent adult and by mail to all actions whether within or outside the Commonwealth. These proposals, however, have not been adopted and are not a part of the present amendments, and the *right of service by competent adult and by mail is restricted to those situations where it was previously permitted.*
> * * *
> Rule 403 prescribes the manner of service by mail but this provision is applicable *only when a rule of civil procedure specifically authorizes service by mail.*

Pennsylvania Rules of Civil Procedure, Service of Original Process and Other Legal Papers, Part I. Service of Original Process, Subpart A. Service Generally, Explanatory Comment 1985 (emphasis added). Thus, the Supreme Court considered, but rejected, expanding the circumstance for service of process by mail.

12. The City explains in its Brief why service by certified mail is not an adequate replacement for service by hand-delivery. The City Law Department has designated trained individuals to review original process and determine whether it may be accepted. If it is accepted, the original process is forwarded for handling. By contrast, a certified mail package is received by a mail processor, who may, or may not, appreciate the significance of the contents of the package. The City makes a good case that "receipt" is not the functional equivalent of "acceptance."

13. Pa R.C.P. No. 401 provides,

> (a) Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint.
> (b)(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule or outside the Commonwealth within the time prescribed by Rule 404, the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon "reissued" in the case of a writ or "reinstated" in the case of a complaint.
> 2) A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint.

14. Prior to *Lamp*, plaintiffs could keep a cause of action alive by reissuing a writ of

commenced an action within the applicable statute of limitations by filing a praecipe for a writ of summons. He instructed the prothonotary to issue the writ but not to deliver it to the sheriff for service. Thereafter, the writ was reissued, and service was finally effected nine months after the filing of the praecipe. The defendants asserted that the "issue and hold" instructions nullified the filing and did not toll the statute of limitations.

The Supreme Court found in favor of plaintiff, but it held that henceforth the procedure followed in *Lamp* would *not* toll the statute of limitations. It directed that the filing of original process will toll the statute of limitations only if the plaintiff "then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.* at 478, 366 A.2d at 889. Accordingly, upon filing original process a plaintiff must act in good faith to serve it. The Court reasoned as follows:

> [W]e now conclude that there is too much potential for abuse in a rule which permits a *plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons* and then having the writ reissued in a timely fashion without attempting to effectuate service. In addition, we find that such a rule is inconsistent with the policy underlying statutes of limitation of avoiding stale

claims, and with that underlying our court rules of making the processes of justice as speedy and efficient as possible.... *Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.*

Id. at 477–78, 366 A.2d at 888–89 (emphasis added) (footnotes and citations omitted).

The *Lamp* holding has been refined in subsequent cases that have considered what conduct will be considered an improper attempt to "stall in its tracks the legal machinery" and what conduct constitutes a good faith attempt to notify the defendant.[15] "[I]n each case, where noncompliance with *Lamp* is alleged, the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made." *Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 594, 511 A.2d 757, 759 (1986).

Here, McCreesh contends that he met his burden by showing a good faith attempt at service because it was at least delivered by mail within thirty days of its issuance. As authority for this contention, he relies upon *Leidich v. Franklin,* 394 Pa.Super. 302, 575 A.2d 914 (1990). How-

---

summons within a period of time equivalent to the statute of limitations applicable to the cause of action. The filing of the praecipe within the statute of limitations commenced the action, and reissuance of the writ kept the action alive for another "equivalent period," whether service was made or even attempted. *Witherspoon v. City of Philadelphia,* 564 Pa. 388, 768 A.2d 1079 (2001).

**15.** This determination is to be made on a case-by-case basis, and it is not a "mechanical" exercise. *Nagy v. Upper Yoder Township,* 652 A.2d 428, 430 (Pa.Cmwlth.1994); *Rosen-*

berg v. Nicholson, 408 Pa.Super. 502, 597 A.2d 145 (1991). It is not necessary that plaintiff's conduct demonstrate bad faith or an overt attempt to delay the progress of litigation before it will be found not to satisfy the *Lamp* requirements. *Williams v. Southeastern Pennsylvania Transportation Authority,* 137 Pa.Cmwlth. 163, 585 A.2d 583 (1991). It is the plaintiff's burden to show a good faith effort to serve the original process. *Green v. Vinglas,* 431 Pa.Super. 58, 635 A.2d 1070 (1993).

ever, this reliance is misplaced. The facts in *Leidich* are distinguishable, and decisions rendered subsequent to *Leidich* provide contrary direction.

In *Leidich*, the plaintiff delivered a writ of summons to defendants by first class mail. Plaintiff's counsel believed, mistakenly, that the defendants' insurance carrier had consented to this manner of service. In addition, plaintiff scheduled the defendants for deposition within days of filing the writ, and counsel for plaintiff and defendants were engaged in an exchange of documents with the goal of settling the claim within the policy limits. *Id.* at 915. After defendants' counsel raised the statute of limitations, plaintiff had the writ reissued, and it was served by the sheriff on the same day. The Superior Court held that "consistent with *Lamp's* teachings, we cannot in good conscience equate the plaintiff's attorney's actions with a 'course of conduct which serve[d] to stall' the machinery of justice." *Id.* at 919 (quotations omitted).[16]

*Leidich* is distinguishable. Plaintiff was actively pursing its claim against defendants by deposition and exchange of documents in the interest of reading a settlement. Here, there is no evidence that McCreesh did anything to keep the legal machinery in play between August 12, 2002, and November 8, 2002, when the City was finally served the reissued Writ. Notably, McCreesh does not claim that he believed that the City had agreed to service by mail.

In addition, we are bound by this Court's rulings made subsequent to *Leidich*. In *Williams v. Southeastern Pennsylvania Transportation Authority*, 137 Pa.Cmwlth. 163, 585 A.2d 583 (1991), as in *Leidich*, plaintiffs counsel asserted that personal service was not required because he had mailed a copy of the writ and acceptance form to defendant. He believed, mistakenly, that this approach to service was valid, but he offered no explanation for this belief or conduct. We held that this service by mail did not satisfy the Pennsylvania Rules of Civil Procedure and, therefore, was not a good faith attempt at service. Similarly, in *Teamann v. Zafris*, 811 A.2d 52, 62 (Pa.Cmwlth.2002), *appeal denied, Baker v. Zafris*, —— Pa. ——, 830 A.2d 976 (2003), and by *Baker v. Zafris*, —— Pa. ——, 831 A.2d 600 (2003), we held that a good faith attempt at prompt service requires that this attempt comply with the Pennsylvania Rules of Civil Procedure.[17]

**16.** *Cf. Big Beaver Falls Area School District v. Big Beaver Falls Area Educational Association*, 89 Pa.Cmwlth. 176, 492 A.2d 87 (1985), in which we reversed a trial court order dismissing an arbitration appeal for lack of jurisdiction. The School District filed a petition for review of an arbitration award and served the Education Association by regular mail. The trial court concluded that because the proper method of service was by sheriff, service was not properly performed within thirty days of the award, as required by statute. We reversed this decision and concluded that the School District should be permitted to have its petition for review reissued in order for it to effectuate proper service. In so concluding, we stated:

The School District merely mistakenly used the improper mode of service and thus this case is not typical of the circumstance contemplated by *Lamp*. We, furthermore, detect no conduct wherein the School District sought to stall the legal machinery it set in motion by filing its petition for review.

*Id.* at 90. *Beaver* has limited precedential value. It did not involve service of original process but, rather, an appeal.

**17.** *See also Schriver v. Mazziotti*, 432 Pa.Super. 276, 638 A.2d 224 (1994) (wherein the Superior Court held that where a praecipe is filed, but the writ not served, the burden is on plaintiff to demonstrate that he made a good faith effort to effect service in the manner required by the Pennsylvania Rules of Civil Procedure and local practice).

McCreesh did not direct the prothonotary not to serve the Writ filed on August 12, 2002. However, this does not satisfy his burden to show a good faith attempt at service in the manner required by the Pennsylvania Rules of Civil Procedure. Accordingly, the trial court erred in holding that McCreesh's service by mail was a good faith effort at notice to the City of his claim.

For these reasons, the trial court is reversed.

## ORDER

AND NOW, this 31st day of December, 2003, the order of the trial court dated January 2, 2002 overruling the City's preliminary objection in the above-captioned matter is reversed, and we remand the matter to the trial court with directions to dismiss Appellee McCreesh's Complaint.