Stacy **MILLER**, Appellant

v.

Charles **KLINK**, David Almond, Gregory A. Gaines, Laura Kimmel, Michael Viola, Attorney General of the Commonwealth of Pennsylvania, Commissioner of State Police, Pennsylvania State Police Barracks Commander–Embryville, and Pennsylvania State Trooper Leo Hegarty.

Commonwealth Court of Pennsylvania.

Argued March 3, 2005.

Decided April 1, 2005.

---

Scott C. Painter, Wyomissing, for appellant.

Kimberly A. Boyer, Philadelphia, for appellee, Charles Klink.

No appearance entered on behalf of appellees.

Before: SMITH–RIBNER, Judge, and FRIEDMAN, Judge (P), and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Stacy Miller (Miller) appeals from the January 12, 2004, order of the Court of Common Pleas of Chester County (trial court), which granted Charles Klink's (Klink) preliminary objections and dismissed Miller's complaint against Klink because of improper service. We affirm.

On July 1, 2000, Miller was injured in Chester County as a result of being struck

by fireworks. On June 28, 2002, Miller filed a Praecipe for a Writ of Summons (Writ) against multiple defendants, including Klink. The statute of limitations for Miller's personal injury action expired on July 1, 2002,[1] and the Chester County Sheriff received the Writ on July 2, 2002. In addition, service was unsuccessfully attempted on Klink at 3902 High Street, Philadelphia, Pennsylvania on July 16, 2002.[2] The Return of Service, which was docketed on August 13, 2002, indicated that no service was made and stated, "checked at post office & Coles Directory. No such address." (R.R. at 72.) Miller subsequently filed a Complaint on October 30, 2002, and an Amended Complaint on April 7, 2003. (R.R. at 3b; see R.R. at 5b.)

No additional attempts were made to serve Klink until June 27, 2003, when Miller filed a Praecipe to Reinstate the Summons and Amended Complaint, (Supp. R.R. at 7b), after Miller's current counsel[3] received Klink's preliminary objections to Miller's Amended Complaint. Klink's preliminary objections, which were filed pursuant to Pa. R.C.P. No. 1028(a)(1), alleged improper service of process, (R.R. at 57); indeed, Klink maintained that the docket entries did not reflect that Klink ever was served.[4] (R.R. at 8.) In response, Miller maintained that she initially attempted service on Klink within thirty days of filing the Writ and that she made a good faith effort to serve Klink at the address provided to her by the Pennsylvania State Police and by Klink in his August 7, 2001, deposition in a related matter. (R.R. at 52, 53.) Miller also maintained that her current counsel was unaware of any issues regarding service until he received Klink's preliminary objections on or about June 25, 2003,[5] and he sought to reinstate the Writ approximately three days later.[6] (R.R. at 51, 57.)

After oral argument and the filing of briefs, the trial court entered an order

---

1. 42 Pa.C.S. § 5524 sets forth a two year statute of limitations for personal injury actions.

2. Attempted service was via appropriate deputization of the Sheriff of Philadelphia County. See Pa. R.C.P. No. 400(d) (regarding service by the sheriff in a county other than the county in which the action was commenced); Pa. R.C.P. No. 400.1(b) (regarding original process in Philadelphia County in an action commenced in any other county).

3. By order dated December 23, 2002, and docketed December 24, 2002, the trial court granted Miller's original counsel's petition for leave to withdraw. (Supp. R.R. at 4b.)

4. Klink also filed preliminary objections pursuant to Pa. R.C.P. No. 1028(a)(4) (demurrer) and Pa. R.C.P. No. 1028(a)(2) (failure to plead in conformity to law or rule of court). However, because the trial court based its decision only on the objection regarding improper service, these objections will not be discussed. We note, however, that Klink's assertion that Miller's action is time barred by the statute of limitations is incorporated into the relevant objection here. The defense of statute of limitations is to be raised as an affirmative defense by filing new matter and not as a preliminary objection. Pa. R.C.P. No. 1028(a)(4), note; Farinacci v. Beaver County Industrial Development Authority, 510 Pa. 589, 511 A.2d 757 (1986). However, because Miller did not object to the issue being raised in preliminary objections, this court may review it. Johnson v. Allgeier, 852 A.2d 1235 (Pa.Super.2004); see Farinacci. Additionally, as will be discussed, the issues of service and statute of limitations are entwined under Lamp v. Heyman, 469 Pa. 465, 366 A.2d 882 (1976).

5. The docket entries show the preliminary objections were served on Miller's counsel on June 23, 2003. (R.R. at 7b.)

6. Additionally, Miller stated she still was attempting to serve Klink. (R.R. at 51.) The docket entries show that, on July 19, 2003, service for Klink was "served on adult in charge-refused name-left on step—2 copies." (R.R. at 8b.)

dated January 12, 2004, granting Klink's preliminary objections and dismissing Miller's Amended Complaint against Klink. The trial court determined that there was improper service of process, and consequently, the statute of limitations did not toll. Ultimately, Miller appealed the trial court's order to this court.[7]

First, Miller argues that the trial court committed an error of law or abused its discretion by failing to hold an evidentiary hearing and make factual findings as to whether Miller acted in good faith in her efforts to serve the Writ upon Klink. We disagree.

■ "Procedural rules relating to service of process must be strictly followed because jurisdiction of the person of the defendant cannot be obtained unless proper service is made." *Beglin v. Stratton*, 816 A.2d 370, 373 (Pa.Cmwlth.2003). Pa. R.C.P. No. 1007 provides that an action may be commenced by filing with the prothonotary a praecipe for a writ of summons or a complaint. Additionally, Pa. R.C.P. No. 401 provides:

(a) Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint.

. . .

(b)(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule . . ., the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ . . . by writing thereon "reissued". . . .

(2) A writ may be reissued . . . at any time and any number of times. . . .

■ Case law also addresses service of original process. Prior to the seminal case of *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), "the rule was that an action commenced but not served within the statutory period was sufficient to toll the statute [of limitations] for an additional period equal to the length of the statutory period." *Williams v. Southeastern Pennsylvania Transportation Authority*, 137 Pa. Cmwlth. 163, 585 A.2d 583, 584 (1991). However, recognizing the potential for abuse of this rule and finding this rule to be inconsistent with the dual policies underlying statutes of limitations (avoiding stale claims and achieving speedy and efficient justice), our supreme court, in *Lamp*, qualified the rule to "avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations." *Id.* at 478, 366 A.2d at 889. The court in *Lamp* ruled that, prospectively, "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.* Subsequently, our supreme court stated, "*Lamp* requires of

---

**7.** Miller originally appealed to the Superior Court; however, the Superior Court quashed the appeal because the trial court's order was not final due to the fact that there was not a final order issued with respect to some of the other defendants. (R.R. at 12b.) Subsequently, the trial court entered an order based on a stipulation for the entry of judgment with respect to the remaining defendants, thereby rendering the trial court's January 12, 2004, order with respect to Klink final. Klink again appealed to the Superior Court, which transferred the matter to this court. (R.R. at 12b, 13b.)

Our scope of review of a trial court's grant of preliminary objections is limited to determining whether that court committed an error of law or abused its discretion. *Concerned Taxpayers of Clearfield County v. Clearfield County*, 764 A.2d 656 (Pa.Cmwlth. 2000).

plaintiffs a good-faith effort to effectuate notice of commencement of the action." *Farinacci v. Beaver County Industrial Development Authority*, 510 Pa. 589, 594, 511 A.2d 757, 759 (1986) (discussing and quoting *Lamp* ). Where a plaintiff does not make a good faith effort at service of original process, an action which was otherwise timely commenced by filing a praecipe for a writ of summons within the statutory period will be deemed untimely and barred by the statute of limitations. *Lamp; Johnson v. Allgeier*, 852 A.2d 1235 (Pa.Super.2004).

■ Here, Miller contends that she is entitled to a remand for an evidentiary hearing because, although the trial court acknowledged *Lamp* and the concept of good faith efforts, the trial court did not apply that case as controlling law. Rather, the trial court made statements which strongly suggest that it applied non-binding legal principles enunciated by only a *plurality* of the supreme court in the case of *Witherspoon v. City of Philadelphia*,

564 Pa. 388, 768 A.2d 1079 (2001).[8] Miller relies on *Sardo v. Smith*, 851 A.2d 168 (Pa.Super.2004), contending that, in that case, the superior court remanded the matter for an evidentiary hearing, where, despite the trial court indicating it did not believe the appellants/plaintiffs acted in good faith, the superior court was concerned by the trial court's reference to *Witherspoon*.

However, in *Sardo*, the superior court concluded that the trial court erred because its "order ... relied *exclusively* on the analysis set forth in *Witherspoon* in striking [a]ppellants' complaint." *Sardo*, 851 A.2d at 170 (emphasis added). In the present case, the trial court did not even cite to *Witherspoon*. Indeed, here, the trial court cited *Lamp* and discussed the concept of good faith in concluding that Miller's single attempt to serve Klink did not constitute a good faith effort. Because we perceive no error or abuse of discretion in this regard, Miller's first argument must fail.[9]

---

**8.** In *Witherspoon*, our supreme court "granted allowance of appeal to consider the extent of the inquiry to be made regarding a plaintiff's efforts to serve process for purposes of determining whether the filing of a writ of summons tolled the limitation period for commencing an action." *Witherspoon*, 564 Pa. at 389–90, 768 A.2d at 1079. The lead opinion in *Witherspoon*, which was a plurality decision by only two justices, said that where commencement of an action and service of original process "straddle" the statute of limitations, the writ must be served within the thirty days allowed by the Pennsylvania Rules of Civil Procedure, and if service cannot be made, the process must be "immediately and continually reissued until service is made." *Id.* at 397–98, 768 A.2d at 1084. However, this "immediately and continually" standard was rejected by the remaining five justices. In the present case, the trial court used language similar to that in *Witherspoon* and stated that because the Writ was not served within thirty days, the Writ expired and was no longer "live." Miller contends that this language raises a significant question as to

whether the trial court properly applied the controlling law in *Lamp* or relied, instead, on *Witherspoon*.

**9.** Additionally, we note that Miller does not indicate what evidence of good faith she would offer in an evidentiary hearing. She does not dispute that, after the unsuccessful attempt at service on July 16, 2002, she made no additional attempts at service until she sought to reinstate the Writ in late June 2003.

Moreover, even acknowledging that the trial court's opinion contains language similar to that used by the plurality in *Witherspoon*, and even assuming those statements were error, Miller still is not entitled to an evidentiary hearing because it is so clear that Miller did not make a good faith effort to serve the Writ. *See Parr v. Roman*, 822 A.2d 78, 81 (Pa.Super.2003) (stating that the only proposition for which *Witherspoon* stands is that where the circumstances are such that "it is so clear that a plaintiff did not exercise good faith to see that a writ was served ..., there is no need to hold a hearing, and judgment on the pleadings is appropriate.")

Next, Miller argues that the trial court committed an error of law or abused its discretion by failing to find that Miller acted in good faith in her efforts to serve the Writ upon Klink. Miller contends that service of process began immediately after she filed the Writ, and, when the Return of Service indicated no such address, her then counsel confirmed the address with the Pennsylvania State Police and checked it against Klink's August 7, 2001, deposition transcript. Additionally, Miller points out that she acted immediately to reinstate the Writ and serve it after learning of Klink's objection to service.[10] According to Miller, her actions constitute good faith. We cannot agree.

The plaintiff bears the burden to establish that he or she made a good faith effort to serve the original process on the defendant. *Farinacci; McCreesh v. City of Philadelphia*, 839 A.2d 1206 (Pa. Cmwlth.2003), *appeal granted*, 578 Pa. 192, 850 A.2d 629 (2004). Whether a plaintiff has made a good-faith effort to serve the defendant is determined by the trial court using its sound discretion on a case-by-case basis. *Farinacci; McCreesh.* A plaintiff need not intentionally delay notifying a defendant of a lawsuit in order for a court to find a lack of good faith; rather, simple neglect or mistake can support such a finding. *Nagy v. Upper Yoder Township*, 652 A.2d 428 (Pa.Cmwlth.1994); *see Farinacci.*

While it appears that Miller did not intentionally delay service of process on Klink, it also is clear that Miller neglected to keep the legal machinery in motion with respect to notifying Klink of the commencement of an action against him. In fact, the docket entries reflect that there was only *one* attempt at service in the nearly one-year period between July 2002 and June 2003, despite Miller being informed on or about August 13, 2002, that Klink had not been served.[11] Indeed, Miller acknowledges that after July 16, 2002, she made no additional attempts to serve the Writ until the end of June 2003, when her current counsel became aware that there was a problem with service. Given these circumstances, we cannot agree that, under *Lamp*, the trial court erred or abused its discretion in concluding that Miller demonstrated a lack of good faith in her efforts to serve Klink. *See also Farinacci* (upholding finding of lack of good faith where the delay was attributable to counsel misplacing the file and counsel's faulty memory); *Nagy.* Accordingly, Miller's action against Klink, which was otherwise timely commenced by filing a Praecipe for a Writ of Summons within the statutory period, is barred by the statute of limitations, *see Lamp; Johnson,* and the trial court properly sustained Klink's preliminary objections and dismissed Miller's Amended Complaint as to Klink.

Nevertheless, Miller argues that the trial court should have overlooked any defects with regard to service of the

10. Apparently, after her current counsel checked the criminal dockets, he learned that Klink's actual address was 3902 I Street in Philadelphia, not 3902 High Street in Philadelphia.

11. The Return of Service was docketed on August 13, 2002. (Supp. R.R. at 2b.) Miller's then counsel presumably was notified about that same time that no service had been made. (R.R. at 72a.) *See* Pa. R.C.P. No. 405(a) and (e) (stating that, if service has not been made and the writ has not been reissued, upon the expiration of the period allowed for the service, a return of no service shall be made and that return of no service shall be filed with the prothonotary); Pa. R.C.P. No. 405(g) (stating that, upon filing a return of no service, the sheriff shall notify, by ordinary mail, the party requesting service that service was not made).

Writ because there was no evidence that Klink would suffer any prejudice. However, "[w]hether a court may disregard a litigant's defective service of process or violation of its order is vested within the sound discretion of that court." *Konya v. District Attorney of Northampton County,* 543 Pa. 32, 35, 669 A.2d 890, 892 (1995). We will not overturn a trial court's rigid application of procedural rules unless the trial court abused its discretion. *Id.* Moreover, a lack of prejudice to a defendant need not excuse a plaintiff's failure to comply with procedural rules regarding service. *Teamann v. Zafris,* 811 A.2d 52 (Pa.Cmwlth.2002) (holding that the plaintiff failed to make a good faith effort to serve the complaint and that a lack of prejudice to a defendant does not excuse a plaintiff's failure), *appeal denied sub nom. Baker v. Zafris,* 574 Pa. 761, 831 A.2d 600 (2003). Thus, even assuming, as Miller argues, that Klink would not suffer any prejudice if the trial court were to overlook the defect regarding service, we cannot agree that the trial court erred or abused its discretion by failing to do so given Miller's lack of good faith in serving the Writ and the strict construction applicable to rules relating to service of process.

Accordingly, we affirm.

### ORDER

AND NOW, this 1st day of April, 2005, the order of the Court of Common Pleas of Chester County, dated January 12, 2004, is hereby affirmed.