## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald Fox, :
              Appellant :
               :
          v. : No. 561 C.D. 2016
               : Submitted: October 21, 2016
State Correctional Institution (SCI) :
Greene and Warden of State :
Correctional Institution (SCI) Greene, :
Lewis Folino :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**             **FILED: February 3, 2017**


       In this negligence action, Appellant Gerald Fox (Fox) appeals from an order of the Court of Common Pleas of Greene County (trial court), which granted the State Correctional Institution Greene (SCI Greene) and its warden Lewis Folino's (Folino) (collectively, Defendants) motion for summary judgment and dismissed Fox's personal injury complaint with prejudice. In so doing, the trial court concluded that the Defendants were immune from liability for the injuries Fox sustained after a physical altercation with his cellmate. For the reasons set forth below, we vacate the decision and remand the matter to the trial court.

On June 20, 2013, Fox filed with the trial court a complaint sounding in negligence against Defendants.[1] (Reproduced Record (R.R.) at 10a-17a.) Fox alleged that on March 1, 2010, Fox had a physical altercation with his cellmate at SCI Greene. (*Id.* at 11a, Compl. ¶ 9.) According to the complaint, Fox sustained multiple injuries during the altercation, namely that Fox's cellmate bit off a portion of his right ear. (*Id.* at 11a-13a.) Fox alleged that he had requested a change in cell or cellmate prior to the March 1, 2010 incident, but Defendants rejected his request. (*Id.* at 11a, Compl. ¶¶ 11-12.) Fox further alleged that his injuries resulted from the negligence of SCI Greene and Folino. (*Id.* at 12a-17a.)

Defendants filed preliminary objections in the nature of a demurrer, arguing that they were immune from liability based on sovereign immunity. (*Id.* at 29a-34a.) Following an order by the trial court to brief the matter, both Fox and the Defendants submitted briefing on the topic of sovereign immunity. (*Id.* at 36a-47a.) In addition to arguing sovereign immunity in their brief, Defendants also argued that Folino was immune from liability under the doctrine of official immunity. (*Id.* at 38a-40a.) On May 12, 2014, the trial court denied Defendants' preliminary objections. (*Id.* at 48a.) Defendants then filed an answer and new matter, denying the material allegations of Fox's complaint and asserting that Defendants were immune under the Sovereign Immunity Act, 42 Pa. C.S. § 8521-8528. (*Id.* at 49a-54a.) In addition to asserting sovereign immunity, Defendants' new matter included eight additional affirmative defenses.

---

[1] Fox, by counsel, initially filed a writ of summons on February 9, 2012, which tolled the statute of limitations. Pa. R.C.P. No. 1007; *Young v. Pa. Dep't of Transp.*, 690 A.2d 1300, 1302 (Pa. Cmwlth. 1997) ("Under Pa. R.C.P. No. 1007, an action may be commenced by the filing of a praecipe for a writ of summons, and such filing may operate to toll the statute of limitations").

(*Id.* at 53-54, ¶¶ 3-10.)  Fox answered Defendants' new matter, denying the allegations and arguing that a response was not required because Defendants' sovereign immunity argument was a legal conclusion.  (*Id.* at 57a-58a.)

By order, dated May 19, 2015, the trial court instructed Fox to conclude his discovery by August 30, 2015.  (*Id.* at 61a.)  In that same May 19, 2015 order, the trial court also instructed Defendants to file any dispositive motions by September 30, 2015 and Fox to respond by October 30, 2015. (*Id.*)  The May 19, 2015 order also scheduled argument for this case for November 2, 2015.  (*Id.*)  On September 30, 2015, Defendants filed a motion for summary judgment and a brief in support of that motion. (*Id.* at 67a-94a.)  Defendants again argued that, in addition to their immunity under sovereign immunity, Folino was immune under common law official immunity. (*Id.* at 92a-93a.)  On October 9, 2015, prior to the due date for Fox's response and prior to the scheduled oral argument, the trial court granted Defendants' motion for summary judgment and dismissed the case with prejudice.  (*Id.* at 95a.)  This appeal followed.

On appeal,[2] Fox argues that the trial court erred by failing to afford Fox the opportunity to respond to Defendants' motion for summary judgment.  Fox contends that Pennsylvania Rule of Civil Procedure No. 1035.3 requires courts to allow a party adverse to a motion for summary judgment to file a written response. Fox argues that being denied the opportunity to respond to Defendants' motion is particularly unjust in this case, because the trial court had essentially already ruled

---

[2] This Court's standard of review of a trial court's order granting summary judgment is de novo, and our scope of review is plenary.  *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011).  Under this standard, we may reverse a trial court's order only for an error of law.  *Id.*

in Fox's favor, by denying Defendants' preliminary objections. Fox also argues that the Local Rules for the Court of Common Pleas of Greene County require that a party adverse to a motion for summary judgment be permitted to oppose the motion through both a written response and an oral argument. Finally, as to the merits, Fox argues that his claims fell within two exceptions to sovereign immunity and that the trial court erred in granting summary judgment when genuine issues of material fact exist.

In response, Defendants argue that the trial court properly determined that Fox's claims were precluded by sovereign immunity. Defendants argue that Fox's alleged injuries do not fall within any of the nine exceptions to sovereign immunity, and Fox, therefore, cannot maintain a cause of action. Defendants also argue that the trial court was not required to afford Fox the opportunity to respond to their motion for summary judgment. Specifically, Defendants cite to *Myszkowski v. Penn Stroud Hotel, Inc.*, 634 A.2d 622 (Pa. Super. 1993), where the Superior Court held that "it is within the discretion of the trial court to decide whether briefs and/or oral argument are required or whether the matter can best be disposed of from a review of the record alone." (SCI Greene and Folino Br. at 11-12, quoting *Myszkowski*, 634 A.2d at 624.) Defendants also cite two cases, *Wright v. Misty Mountain Farm, LLC*, 125 A.3d 814 (Pa. Super. 2015), *appeal denied*, 140 A.3d 14 (Pa. 2016), and *Majorsky v. Douglas*, 58 A.3d 1250 (Pa. Super. 2012), *appeal denied*, 70 A.3d 811 (Pa. 2013), where the Superior Court upheld a trial court order that denied a defendant's preliminary objections,

then granted the defendant's motion for summary judgment.[3] Finally, Defendants argue that while the trial court failed to issue an opinion, the most judicially economical course of action for this Court would be to hold that an opinion was not necessary, and thus, neither is a remand.

As an initial matter, we address the trial court's failure to draft an opinion to explain the reasoning of its May 19, 2015 order. Pennsylvania Rule of Appellate Procedure 1925(a)(1)provides:

> Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, *if the reasons for the order do not already appear of record*, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

(Emphasis added.) The remedy for non-compliance with Rule 1925(a)(1) is typically a remand to the trial court. *Cmwlth. v. Pate*, 617 A.2d 754, 759 (Pa. Super. 1992), *appeal denied*, 634 A.2d 219 (Pa. 1993). The exception to that general rule is a situation where, as highlighted above, the reasons are clear from the record. For example, in *Pate*, the Superior Court held that remand was unnecessary where the trial judge "consider[ed] all of the issues raised by [the] post-trial motions and pointed [the Court] to the places in the record where [the Court] can find his reasoning." *Id.*

---

[3] While we may look to Superior Court decisions for guidance, those decisions are not binding on this Court, and vice versa. *Fisler v. State Sys. of Higher Educ., California Univ. of Pa.*, 78 A.3d 30, 41 n.12 (Pa. Cmwlth. 2013); *Beaston v. Ebersole*, 986 A.2d 876, 881 (Pa. Super. 2009).

Here, no such exceptional circumstances are present. While the trial court's grant of summary judgment appears to be based on the Defendants' sovereign immunity argument, we cannot be sure, and thus our review is thwarted, absent an opinion. A review of the record reflects that Defendants raise different defenses for SCI Greene and Folino together and Folino individually. Defendants argued before the trial court that Fox's claims failed as to both Defendants under sovereign immunity and failed as to Folino under official immunity. We are precluded from review where, as here, we cannot be sure of the ground(s) on which the trial court granted summary judgment for each defendant. Part of the reason for instituting Rule 1925 is to give the appellate courts "a reasoned basis for the trial court's disposition of the challenged orders." *Pate*, 617 A.2d 754 at 758. The trial court failed to provide a reasoned basis for its disposition, and, therefore, remand is required.

Pennsylvania Rule of Civil Procedure No. 1035.3, pertaining to responses to motions for summary judgment, provides, in pertinent part:

> (a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying
>
>> (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
>>
>> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.
>>
>> . . .
>
> (e) (1) *Nothing in this rule is intended to prohibit a court, at any time prior to trial, from ruling upon a motion for summary judgment without written*

*responses or briefs if no party is prejudiced. A party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to oppose the motion.*

*(2) A court granting a motion under subdivision (e)(1) shall state the reasons for its decision in a written opinion or on the record.*

(Emphasis added.) Accompanying this rule is an explanatory comment that emphasizes the requirements in subdivision (e):

> The rule places two conditions upon the exercise of this discretion. First, each party must be given a full and fair opportunity to supplement the record and to oppose the motion so that "no party is prejudiced." Second, if the motion is granted, the court must state the reasons for its decision in a written opinion or on the record.

Note to Pa. R.C.P. No. 1035.3. Rule 1035.3 provides further support for our determination above that remand is required so that the trial court may provide its reasons for granting Defendants' motion for summary judgment. Like the remedy for failure to comply with Rule 1925(a)(1), the remedy for failure to comply with Rule 1035.3(e)(2) is remand to the trial court.

Next, we address the trial court's failure to allow Fox to respond to Defendants' motion for summary judgment with a written response or oral argument. Similarly, a remand is necessary so that Fox may respond to Defendants' motion for summary judgment. Rule 1035.3(e)(1) provides that a trial court may grant a motion for summary judgment without allowing an opposing party to respond. A trial court may also deny a defendant's preliminary objections, and then later grant a motion for summary judgment to that same defendant based on the same arguments offered in the preliminary objections. *Wright*, 125 A.3d at 818. A trial court may not, however, grant a motion for summary judgment without permitting a response where the court has only heard arguments by the

party adverse to the motion in a brief in opposition to preliminary objections. Courts exercise different types of review for preliminary objections and motions for summary judgment—when reviewing preliminary objections the trial court looks to the pleadings, but, in considering a motion for summary judgment the trial court weighs the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other facts developed during discovery. *Herczeg v. Hampton Twp. Mun. Auth.*, 766 A.2d 866, 870 (Pa. Super.), *appeal denied*, 766 A.2d 866 (Pa. 2001).

In this case, Fox was prejudiced because he was not given an opportunity to present argument in opposition to Defendants' motion for summary judgment, which included new and more developed factual allegations and exhibits. Despite the preliminary objections and motion for summary judgment both being based on immunity arguments, the different considerations weighed by the trial court in each circumstance warranted different opportunities for opposition by Fox. A brief in opposition to preliminary objections does not constitute full and fair opportunity to oppose a motion for summary judgment, as required by Rule 1035.3(e)(1). Remand, therefore, is required to afford Fox such an opportunity.[4]

Because we conclude that the Pennsylvania Rules of Civil Procedure require the trial court to allow Fox to respond to Defendants' motion for summary judgment, we need not address Fox's argument for a written response under the

---

[4] We are also troubled by the seeming about-face by the trial court—scheduling the date for Fox to submit a response brief and the date for oral argument, and then, without warning, ruling on the motion before the dates that it scheduled for either. This contradiction in the trial court's actions is without explanation in the record.

8

trial court's local rules. We are persuaded, however, that the local rules require the trial court to hear oral argument on the matter. Greene County local rule G211(a) provides:

> The Prothonotary, Clerk of Court, and Clerk of Orphans' Court *shall* immediately place on the next available argument list *any case* where preliminary objections, exceptions, motions for summary judgment, or any other request for determination of law has been filed.

(Emphasis added.) This Court has previously explained the lack of discretion when a statute or rule utilizes the word "shall." *Jennison Family Ltd. P'ship v. Montour Sch. Dist.*, 802 A.2d 1257, 1262 (Pa. Cmwlth. 2002), *appeal denied*, 815 A.2d 635 (Pa. 2003). We interpret this rule to require the Greene County courts to hear oral argument for any motion for summary judgment.

Accordingly, we vacate the order of the trial court and remand with instructions for the court below to afford Fox a full and fair opportunity to respond to Defendants' motion for summary judgment and to write an opinion explaining its disposition.

_____
P. KEVIN BROBSON, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald Fox,                                          :
                        Appellant                    :
                                                     :
            v.                                       :      No. 561 C.D. 2016
                                                     :
State Correctional Institution (SCI)                 :
Greene and Warden of State                           :
Correctional Institution (SCI) Greene,               :
Lewis Folino                                         :


# **O R D E R**


AND NOW, this 3rd day of February, 2017, the order of the Court of Common Pleas of Greene County is VACATED, and the matter is REMANDED for proceedings consistent with this opinion.

Jurisdiction relinquished.


_____
P. KEVIN BROBSON, Judge